IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JULIO ANTONIO SILVA and all others similarly situated under 29 U.S.C. 216(b),

      Plaintiff,

vs.

PRO TRANSPORT, INC., OSCAR ACHARANDIO, TONY MENENDEZ,

      Defendants.

CIVIL ACTION NO. 15-cv-23028-RNS

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, PRO TRANSPORT, INC., OSCAR ACHARANDIO and TONY MENENDEZ ("Defendants"), by and through undersigned counsel, file this Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. In response to the allegations contained in paragraph 1, Defendants admit that Plaintiff purports to seek relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201- 206, but deny any liability and demand strict proof thereof.

2. In response to the allegations contained in paragraph 2, Defendants are without knowledge and therefore deny each and every allegation in the paragraph.

3. In response to the allegations contained in paragraph 3, Defendant PRO TRANSPORT, INC. admits that it employed Plaintiff for purposes of FLSA. Except as so admitted, Defendants deny each and every allegation in the paragraph and demand strict proof thereof.

4. In response to the allegations contained in paragraph 4, Defendant OSCAR ACHARANDIO admits he is an owner and officer of Defendant PRO TRANSPORT, INC.

Except as so admitted, Defendants deny each and every allegation in the paragraph and demand strict proof thereof.

5.     In response to the allegations contained in paragraph 5, Defendant TONY MENENDEZ denies each and every allegation contained in the paragraph and demands strict proof thereof.

6.     In response to the allegations contained in paragraph 6, Defendants admit that venue is proper in Miami-Dade County. Except as so admitted, Defendants deny each and every allegation in the paragraph and demand strict proof thereof.

7.     In response to the allegations contained in paragraph 7, Defendants admit that Plaintiff purports to seek relief as a collective action under 29 U.S.C. §216(b), but deny that this matter should be a collective action under 29 U.S.C. §216(b). Defendants deny each and every allegation in the paragraph and demand strict proof thereof.

8.     The allegations contained in paragraph 8 constitute legal statements to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph and demand strict proof thereof.

9.     The allegations contained in paragraph 9 constitute legal statements to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph and demand strict proof thereof.

10.     In response to the allegations contained in paragraph 10, Defendant PRO TRANSPORT, INC. admits that it employed Plaintiff for purposes of FLSA. Except as so admitted, Defendants deny each and every allegation in the paragraph and demand strict proof thereof.

11.     In response to the allegations contained in paragraph 11, Defendants deny each and every allegation in the paragraph and demand strict proof thereof.

12. In response to the allegations contained in paragraph 12, Defendants deny each and every allegation in the paragraph and demand strict proof thereof.

13. In response to the allegations contained in paragraph 13, Defendant PRO TRANSPORT, INC. admits that it had gross sales in excess of $500,000 annually for the years 2011, 2012, 2013 and 2014. Except as so admitted, Defendants deny each and every allegation in the paragraph and demand strict proof thereof.

14. In response to the allegations contained in paragraph 14, Defendant PRO TRANSPORT, INC. admits that it had gross sales in excess of $250,000 for the first six months of the year 2015 and expects to exceed $500,000 in gross sales for the year 2015.

15. In response to the allegations contained in paragraph 15, Defendants deny each and every allegation in the paragraph and demand strict proof thereof.

16. In response to the allegations contained in paragraph 16, Defendants deny each and every allegation in the paragraph and demand strict proof thereof.

17. In response to the allegations contained in the "WHEREFORE" paragraph following paragraph 16 of the Complaint, Defendants deny each and every allegation in the paragraph, deny any liability for the allegations, deny that Plaintiff is entitled to the relief he seeks therein, and demand strict proof thereof.

18. Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants state the following Affirmative Defenses to Plaintiff's Complaint:

1. Plaintiff's Complaint, in whole or in part, fails to state claim upon which relief can be granted as a matter of law.

2. Plaintiff is exempt from the FLSA overtime pay requirements under the "motor carrier" exemption to the FLSA, 29 U.S.C. §213(b)(1).

3.      Even if Plaintiff were not exempt from the FLSA, which Defendants expressly deny, Plaintiff is seeking recovery for any period beyond the applicable statute of limitations and thus such claims are barred as a matter of law.

4.      Even if Plaintiff were not exempt from the FLSA, which Defendants expressly deny, the regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff, for periods of time during which Plaintiff performed no work, including because Plaintiff was on vacation or sick leave, was absent from the workplace, or was otherwise not performing "work" for his employer as defined by the FLSA.

5.      Even if Plaintiff were not exempt from the FLSA, which Defendants expressly deny, Defendants OSCAR ACHARANDIO and TONY MENENDEZ were not Plaintiff's "employer" for purposes of the FLSA, or for any purpose, and thus should be dismissed from this action.

6.      Even if Plaintiff were not exempt from the FLSA, which Defendants expressly deny, Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions. Specifically, to the extent Plaintiff worked hours that were not appropriately compensated, which Defendants expressly deny, Defendants had no basis to be aware of such uncompensated time due to Plaintiff's own actions or omissions, including but not limited to his concealment of the alleged hours worked, or delinquency in failing to bring such claims to his employer's attention. Plaintiff should not be permitted to recover any alleged uncompensated overtime which was caused by Plaintiff's own misreporting of his individual work hours, or other false statements, of which the Defendants had no reason to be aware at the time of such misrepresentations.

7.      Even if Plaintiff were not exempt from the FLSA, which Defendants expressly deny, Plaintiff and/or some or all of the members of the alleged group of individuals which Plaintiff purports to represent, the existence of which is expressly denied, have failed to comply

with their legal duty to mitigate their claimed damages, their entitlement to which is expressly denied.

8. Plaintiff cannot satisfy the requirements of a collective action under the FLSA and some or all of the claims asserted in the Complaint are barred because Plaintiff is not similarly situated to the group of individuals he purports to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiff purports to represent, the existence of which is denied, are not similarly situated to each other.

9. The types of claims alleged by Plaintiff on behalf of herself and the group of individuals, which he purports to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

10. Any act and/or omissions which may be found to be in violation of the FLSA and/or other applicable law occurred in good faith, were based on reasonable factors, and/or were in conformity with relevant laws and regulations.

11. Neither Plaintiff nor members of the alleged group which he purports to represent, the existence of which is expressly denied, may recover some or all of the relief requested in the Complaint because even if Defendants were Plaintiff's employer, Defendants did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to Plaintiff or any alleged group member, at all times acted in good faith and with reasonable grounds for believing it had complied with FLSA, and Plaintiff has failed to plead facts sufficient to support recovery of such damages.

12. All or part of the time for which Plaintiff seeks compensation for alleged unpaid hours worked does not constitute compensable time for purposes of the FLSA.

13. All or part of the time for which Plaintiff seeks compensation is non-compensable under the Portal-to-Portal Act, 29 U.S.C. 254.

14. Neither Plaintiff nor any member of the group of persons Plaintiff purports to represent, the existence of which is expressly denied, are entitled to some or all of the relief requested in the Compliant because, even if Defendants were their employer, and any unlawful practice(s) occurred, which Defendants deny, such practice(s) was/were not committed, countenanced, ratified or approved by higher management in Defendant's corporate structure.

15. Defendant reserves the right to plead, assert and rely on all proper affirmative defenses available, including those which may be disclosed or discovered through further assertions by Plaintiff or persons Plaintiff purports to represent or otherwise through discovery.

WHEREFORE, Defendants', PRO TRANSPORT, INC., OSCAR ACHARANDIO and MENENDEZ, respectfully request as follows:

a. That judgment be entered in favor of Defendants and against Plaintiff, and that Plaintiff's Complaint herein be dismissed with prejudice;

b. That Defendants be awarded their costs and disbursements of suit herein;

c. That Defendants be awarded reasonable attorney's fees as may be determined by the Court; and

d. That this Court grant any other and further relief as it may deem just, necessary and proper.

Respectfully submitted,

**ZUMPANO CASTRO, LLC**
*Counsel for Defendants*
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
Telephone: (305) 503-2990
Facsimile: (305) 774-5908
Email: carlos.zumpano@zumpanocastro.com
Email: richard.greiffenstein@zumpanocastro.com

By: */s/ Richard Greiffenstein*
    Carlos A. Zumpano, Esq.
    Florida Bar No. 184240
    Richard Greiffenstein, Esq.
    Florida Bar No. 58948

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of September, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the below Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Richard Greiffenstein*
    RICHARD GREIFFENSTEIN

## SERVICE LIST
1:15-cv-23028 RNS

**J.H. Zidell, Esq.**
Fla. Bar No. 0010121
Email: zabogado@aol.com
**Steven C. Fraser, Esq.**
Fla. Bar No. 625825
Email: steven.fraser.esq@gmail.com
*Attorneys for Plaintiff*
J.H. ZIDELL, P.A.A
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766