IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JULIO ANTONIO SILVA and all others similarly situated under 29 U.S.C. 216(b),<br><br>Plaintiff,<br><br>vs.<br><br>PRO TRANSPORT, INC., OSCAR ACHARANDIO, TONY MENENDEZ,<br><br>Defendants. | CIVIL ACTION NO. 15-cv-23028-RNS |

**DEFENDANTS' MOTION TO STAY ACTION/ABATE DISCOVERY PENDING RESOLUTION OF THRESHOLD ISSUE OF JUDICIAL ESTOPPEL, AND INCORPORATED MEMORANDUM OF LAW**

Defendants, PRO TRANSPORT, INC., OSCAR ACHARANDIO and TONY MENENDEZ ("Defendants"), by and through undersigned counsel and pursuant to Local Rule 7.1, hereby file this Motion to Stay Action/Abate Discovery Pending Resolution of Threshold Issue of Judicial Estoppel, and Incorporated Memorandum of Law, and in support thereof state as follows:

1. Judicial estoppel is a threshold issue that can be resolved by summary judgment. *See Robinson v. Tyson Foods*, 595 F.3d 1269, 1272 (11th Cir. 2010).

2. Upon learning of Plaintiff's concealment of the instant claim from his bankruptcy proceedings, Defendants have contemporaneously filed a Motion for Summary Judgment based on the doctrine of judicial estoppel (the "Summary Judgment Motion") [D.E. 21].

3. As set forth in the Summary Judgment Motion, because "[t]he purpose of judicial estoppel is to 'protect the integrity of the judicial process,'" *Robinson*, at 1273, the Plaintiff here

is estopped from asserting the instant claim. To allow otherwise would permit Plaintiff to continue to make a mockery of the judicial system. Accordingly, any papers or pleadings filed by Plaintiff in this case amount to a legal nullity.

4. Before any other issue, then, this Court should rule first on the pending threshold issue of judicial estoppel to determine whether Plaintiff can be allowed to even assert the instant claim or avail himself of the judicial process under these circumstances. Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1274 (11th Cir. 2010).

5. Currently there is outstanding written discovery (both interrogatories and requests for production), and Plaintiff has set down the depositions of Defendants in December, 2015.

6. In the likely event that Plaintiff is found to be judicially estopped from asserting this action, any papers and pleadings filed by the Plaintiff would be a nullity and the parties' litigation efforts and the Court's judicial labor would be for naught.

7. Where, as here, the possibility that the resolution of a threshold question could dispose of the case and eliminate the need for discovery entirely, good cause exists to stay discovery until the threshold question are resolved. *See, e.g., McClamma v. Remon*, 2013 WL 1502190 (M.D. Fla. Apr. 12, 2013).

8. Pursuant to the Federal Rules of Civil Procedure, a court has the discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c)(1). A party shows good cause for a stay of discovery where disposition of a motion could "entirely eliminate the need for such discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (internal quotation omitted); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Anderson v. United States Attorneys Office*, No. CIV. A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally

considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

9. In the circumstances, this action should be stayed (including an abatement of discovery) pending a ruling on the Summary Judgment Motion, which will dispose of the case and eliminate the need for discovery entirely. A party shows good cause for a stay of discovery where disposition of a motion could "entirely eliminate the need for such discovery." *McCabe*, 233 F.R.D. at 685. That said, it makes little sense for the parties to engage in time consuming and expensive – yet potentially unnecessary – discovery when the ruling on Defendants' Motion for Summary Judgment could render those efforts a nullity. In this case, "'[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous*, 201 F.R.D., at * 2 (D.D.C. 2001); *see also McCabe*, 233 F.R.D. at 685 (A party shows good cause for a stay of discovery where disposition of a motion could "entirely eliminate the need for such discovery."). Moreover, Plaintiff will suffer no harm or prejudice from a stay of discovery pending the outcome of Defendants' Motion for Summary Judgment. A delay in discovery would not prejudice Plaintiff's ability to respond to the Motion for Summary Judgment because the Motion for Summary Judgment is not based upon the merits of the case. Moreover, a stay of discovery will benefit Plaintiff for many of the same reasons it will benefit Defendants-Specifically, the stay will prevent both parties from incurring potentially unnecessary costs and from expending unnecessary effort.

WHEREFORE, Defendants PRO TRANSPORT, INC., OSCAR ACHARANDIO and TONY MENENDEZ, respectfully request that, in order to preserve judicial resources and the resources of the parties, the Court enter an Order staying the action and abating discovery until the Court has had an opportunity to rule on the pending, threshold issue of judicial estoppel; and granting such other and further relief as it may deem just, necessary and proper.

Respectfully submitted,

**ZUMPANO CASTRO, LLC**
*Counsel for Defendants*
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
Telephone:  (305) 503-2990
Facsimile:  (305) 774-5908
Email: Carlos.Zumpano@ZumpanoCastro.com
Email: Joseph.Ruiz@ZumpanoCastro.com

By: */s/ Carlos A. Zumpano*
    Carlos A. Zumpano, Esq.
    Florida Bar No. 184240
    Joseph R. Ruiz, Esq.
    Florida Bar No. 65732

## LOCAL RULE 7.1(A)(3)(a) CERTIFICATE

Counsel for Defendants certify that they have conferred with counsel for Plaintiff regarding this motion and have been unable to agree with respect to the relief requested herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of November 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the below Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Joseph Ruiz*
Joseph Ruiz, Esq.

## SERVICE LIST
1:15-cv-23028 RNS

**J.H. Zidell, Esq.**
Fla. Bar No. 0010121
Email: zabogado@aol.com
**Steven C. Fraser, Esq.**
Fla. Bar No. 625825
Email: steven.fraser.esq@gmail.com
*Attorneys for Plaintiff*
J.H. ZIDELL, P.A.A
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766

**ZUMPANO CASTRO, LLC**
500 S. Dixie Highway, Suite 302 | Coral Gables, Florida 33146 | Tel: (305) 503-2990 | Fax: (305) 774-5908