UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-23028-RNS

| | |
|---|---|
| JULIO ANTONIO SILVA, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PRO TRANSPORT, INC.; OSCAR ACHARANDIO; TONY MENENDEZ, | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITON TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Julio Antonio Silva, by and through his undersigned counsel, hereby files his opposition to Defendants' Motion for Summary Final Judgment [DE 21] and in support thereof, states as follows:

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.   Introduction**

Defendants' file their Motion for Summary Judgment on the sole grounds of the affirmative defense of judicial estoppels, which was not pled or argued in either Defendants' affirmative defenses or response to statement of claim. Particularly, Defendants' find fault that Plaintiff did not disclose the unliquidated claim against Defendant-employers during Plaintiff-employee's Chapter 13 bankruptcy <u>In re Julio Silva</u>, 14-33923-LMI (Bankr. So.Dist.Fla. October 29, 2014). Defendants are not creditors or otherwise involved with that action.

As explored below, judicial estoppel is appropriate when a party uses fraudulent intent to make a mockery of the judicial system. Defendants are right in that it is beyond dispute that Plaintiff failed to enter his wage and hour claim against his former employer on the bankruptcy schedule; however, the conclusion that this mistake was an insidious attempt to manipulate the judiciary is unfounded. Defendants have not submitted facts or evidence to justify a finding of the requisite bad intent and judicial estoppel, and further, the general circumstances have not created a presumption of judicial estoppel.

The truth is much more boring[1] – Plaintiff-employee thought that he had a claim when he hired Zandro E. Palma, P.A. to send his demand letter on April 23, 2014. When Defendants did not pay up, Mr. Palma severed his relationship with Plaintiff-employee. Poor finances resulted in Plaintiff-employee filing bankruptcy under Chapter 13 on October 29, 2014.

In it, Plaintiff-employee failed to disclose any potential claim in regard to unpaid wages with Defendant-employers on the bankruptcy schedule. After all, Plaintiff-employee's former counsel did not want to pursue the claim. Plaintiff-employee's bankruptcy plan was confirmed on April 15, 2015, but the Chapter 13 plan remains in progress.

In August, 2015, Plaintiff-employee saw an advertisement for the undersigned counsel's office, and elected to make another attempt to recover his past wages, which the undersigned filed on August 12, 2015. Plaintiff employee did not understand the necessity or importance in advising either of his counsel of the circumstances.

---

[1] Plaintiff-employee's counsel anticipated filing an affidavit confirming these facts which were gleaned from Plaintiff-employee's description, but logistical problems prevented this affidavit from being filed on this 11th day of December, 2015. Plaintiff-employee's counsel anticipates this being filed as soon as possible and requests that this Court consider the same.

Plaintiff-employee is in the process of rectifying this mistake. The undersigned has communicated this issue with bankruptcy counsel for Plaintiff-employee, Mary Reyes, who has agreed to move to amend the bankruptcy schedules.[2]

It is critical to note that the circumstances and filing order do not necessitate a conclusion that Plaintiff-employee chose delay filing a claim or disclosing it malevolent purposes. In fact, Plaintiff-employee suffers a significant detriment by waiting to file until August 12, 2015 as opposed to April, 2014. Plaintiff-employee's claim was truncated by as many days as he waited because of the statute of limitations. Further, the Chapter 13 plan is still pending. Both matters where filed in the Federal Court for the Southern District of Florida. There are no artifacts of deception.

## II. Argument – The Record Does Not Reflect Sufficient Bad Intent for Complete Judicial Estoppel

a. Judicial Estoppel is an Extraordinary Remedy in Equity Suited for when Litigants make a Mockery of the Judicial System

Plaintiff-employee absolutely should have disclosed a potential claim when he filed for Chapter 13 bankruptcy as a potential asset. The disclosure of the property of a bankruptcy estate is the debtor's ongoing duty. In re Foreman, 378 B.R. 717, 720 (Bankr. S.D. Ga. 2007) *citing* Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir.2002).

However, the result of this mistake should not be judicial estoppel. Judicial estoppel precludes a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir.2002). "In the context of a bankruptcy case, judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both

---

[2] "While a case is open, a debtor can freely amend his schedules." Walker, 56 Mercer L.Rev. at 1116.

knew about the claims and had a motive to conceal them from the bankruptcy court." Muse v. Accord Human Res., Inc., 129 F. App'x 487, 488 (11th Cir. 2005), *citing* DeLeon v. Comcar Indus., Inc., 321 F.3d 1289, 1291 (11th Cir.2003). Judicial estoppel is an equitable doctrine invoked at a court's discretion. New Hampshire v. Maine, 532 U.S. 742, 750 (2001).

"Under this doctrine, a party is precluded from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. Judicial estoppel is an equitable concept intended to prevent the perversion of the judicial process.'" Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002), *citing* 18 James Wm. Moore et al., Moore's Federal Practice § 134.30, p. 134-62 (3d ed.2000).

The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." American Nat'l Bank of Jacksonville v. Federal Dep. Ins. Corp., 710 F.2d 1528, 1536 (11th Cir.1983). "[T]he doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." Burnes, 291 F.3d at 1286. The district court must find the debtor's inconsistent positions to have been "intentional contradictions, not simple error or inadvertence." *D'Antignac v. Deere & Co.,* 604 F. App'x 875, 2015 WL 1321570, *3 (11th Cir.2015) "[C]ourts must be cautious in applying the doctrine 'because of the harsh results attendant with precluding a party from asserting a position that would normally be available to the party.'" Snowden v. Fred's Stores of Tennessee, Inc., 419 F. Supp. 2d 1367, 1370 (M.D. Ala. 2006) quoting Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir.1996).

"[T]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." New Hampshire, 532 U.S. at 750. "First, it must be shown that the allegedly inconsistent positions were made under oath in a

prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Burnes, 291 F.3d at 1285.

> Courts typically consider: (1) whether the present position is "clearly inconsistent" with the earlier position; (2) whether the party succeeded in persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled; and (3) whether the party advancing the inconsistent position would derive an unfair advantage on the opposing party. This list is by no means exhaustive, however, because the Court went on to explain that "[i]n enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts.

Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002), *see also* Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1271 (11th Cir. 2004). These two factors are not "inflexible or exhaustive," and courts "must always give due consideration to all of the circumstances of a particular case." Id. at 1286. Thus judicial estoppel may be applied only in situations involving intentional manipulation of the courts, not when the litigant's contradictory positions are the "product of inadvertence or mistake." Id. at 1287; Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1275 (11th Cir. 2010) ("When considering a party's intent for the purpose of judicial estoppel, we require "intentional contradictions, not simple error or inadvertence.")

  b. <u>Defendants Show Only Intent from the Context, and this is Insufficient</u>

  No evidence of malevolence has been submitted by Defendants, thus, the only grounds which would make Defendants successful is would be to show that fact that Plaintiff-employee failed to include a potential claim on his bankruptcy schedule was sufficient to show his intent. No factual record reflecting Plaintiff-employee's understanding or intent has been extracted through discovery.

  An intentional nondisclosure can be inferred from the record. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir. 2002). This would require that this Court make a

factual finding of malevolence based upon this implied intent. Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1275 (11th Cir. 2010); *see* Snowden v. Fred's Stores of Tennessee, Inc., 419 F. Supp. 2d 1367, 1373 (M.D. Ala. 2006)("[T]his court does not read *Burnes* and its progeny to *require* a court to infer an intent to mislead the bankruptcy court when those two factors are present. Instead, an inference of intent to mislead will generally be justified when the plaintiff was aware of the claims and had a motive to mislead a bankruptcy court.").

Even if this Court were to find that malevolent intent is inferred, that may be rebutted by the Court's measured analysis of the circumstance.

> The Eleventh Circuit has repeatedly identified knowledge and motive merely as "sufficient" evidence from which to "infer" the requisite intent. *See* Barger v. City of Cartersville,[3] (the plaintiff's knowledge and motive "are sufficient evidence from which to infer her intentional manipulation"); De Leon,[4] (from knowledge and motive, "we can infer" intent to make a mockery of the judicial system); Burnes, [5]291 F.3d at 1287–88 ("[I]t is clear that the record in this case contains sufficient evidence from which to infer intentional manipulation by [the plaintiff]."). Such language suggests that an inference of intent from the existence of knowledge and motive is permissive only [citations truncated].

Smith v. Werner Enterprises, Inc., 65 F. Supp. 3d 1305, 1309-10 (S.D. Ala. 2014). This Court may consider that the Plaintiff-employee moved to amend the schedule, and only a small amount of time has passed under the Chapter 13 plan, as was done in Smith. Id. at 1310-11.

In contrast, a failure to ever disclose a potential FLSA claim until after gaining the benefit of a discharge is justification for judicial estoppel. Muse v. Accord Human Res., Inc., 129 F. App'x 487 (11th Cir. 2005).

---

[3] 348 F.3d 1289, 1296 (11th Cir.2003).
[4] De Leon v. Comcar Indus., Inc., 321 F.3d 1289, 1292 (11th Cir. 2003).
[5] Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1287-8 (11th Cir. 2002).

The record provided by Defendants do not show any evil intent. The record and evidence prevented only shows a mistake by Defendants which is being rectified. Plaintiff-employee is in the process of fixing this error and no harm will come from this.

  c. <u>FLSA and Policy Considerations</u>

As judicial estoppel is a remedy of equity, the equities must be considered. If this Court were to find that judicial estoppel applied, it would be finding in favor of Defendants who allegedly did not pay proper wages against the interests of an employee *and* his creditors. This would be a clutch victory for Defendants and their counsel, but sacrifices truth, the merits, and innocent creditors. This is because after amendment of the schedules, the creditors of Plaintiff-employee will have an opportunity to collect on any victory of Plaintiff-employee.

> If debtors automatically forfeited all claims they did not disclose, creditors could lose access to substantial assets should a debtor inadvertently fail to disclose a claim. Simply put, such a requirement could actually harm creditors. This court would clearly overstep its role if it used judicial estoppel, an equitable doctrine created by courts to protect the integrity of the judicial system, to advance policies that Congress declined to pursue in the Bankruptcy Code.

<u>Snowden v. Fred's Stores of Tennessee, Inc.</u>, 419 F. Supp. 2d 1367, 1375 (M.D. Ala. 2006).

Additionally, there is an inherent good in workers prosecuting employers who violate their right to wages. Congress did not create the FLSA just for the benefit of workers, but instead, to change the behavior of companies to hire more people instead of overworking individuals. This purpose is subverted by judicial estoppel as a result of the inadvertence of a worker. "[T]he Congressional purpose in enacting Section 7(a) was twofold: (1) to spread employment by placing financial pressure on the employer through the overtime pay requirement, […] and (2) to compensate employees for the burden of a workweek in excess of the hours fixed in the Act." <u>Walling v. Helmerich & Payne</u>, 323 U.S. 37, 40 (1944).

d.  Estoppel is Not Pled as an Affirmative Defense

Defendant-employers have failed to plead judicial estoppel, and thus, this matter comes as a surprise to Plaintiff-employee. The equities do not favor this method of attack.

Because Defendants have yet to raise as an affirmative defense the issue of judicial estoppels, they should be barred from bringing it up at this stage. Fed. R. Civ. P. 8(c) is dispositive in that affirmative defenses must be set forth in a responsive pleading or be deemed waived. Rule 8(b)(1)(A) requires a party to state a short and plan terms its defenses to each claim asserted against it. *See also*, Stephenson v. Davenport Community Sch. Dist, 110 F. 3d 1303, 1307 n. 3 (8th Cir. 1997).

Judicial Estoppel is an affirmative defense. Allen v. Senior Home Care, Inc. 2015 WL 1097408 (S.D. Fla. 2015)(citations omitted). Plaintiff is prejudiced by Defendants' failure to formally plead judicial estoppel in its answer because there is no logical relationship between an overtime claim and a bankruptcy claim. Defendants here have waived the defense of judicial estoppels because they failed to raise it as an affirmative defense in their answer. American Natinoal Bank v. Federal Deposit Insurance Corp. 710 F.2d 1528, 1537 (11th Cir. 1983). Plaintiff is prejudiced by the element of surprise. Defendants should not be permitted to "lie behind a log" and ambush a plaintiff with an unexpected defense. Judicial Estoppel is an affirmative defense which cannot be raised for the first time in a motion for summary judgment, as Defendants have done.

### III. Conclusion

The record and the evidence do not reflect intentional malevolence or mockery of the Courts. This Court has significant discretion in its decision to estop a cause of action, but it can not and should not do so unless the evidence reflects a clear malevolent intent.

## CERTIFICATE OF SERVICE

   I hereby certify that on December 11, 2015, I electronically filed Plaintiff's Response in Opposition to Defendants Motion for Summary Final Judgment with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

                J.H. Zidell, Esq.

                J.H. Zidell, P.A.
                Attorney For Plaintiff
                300 71st Street, Suite 605
                Miami Beach, Florida 33141
                Tel: (305) 865-6766
                Fax: (305) 865-7167
                E-mail: zabogado@aol.com

                By:__/s/ J.H. Zidell_____
                  J.H. Zidell, Esq.
                  Florida Bar Number: 0010121

## SERVICE LIST

<u>Via cm/ECF</u>
Richard Greiffenstein, Esq.
Zumpano Castro, LLC
Counsel for Defendants
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
(305) 503-2990