UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-23028-RNS

JULIO ANTONIO SILVA, and all others )
similarly situated under 29 U.S.C. 216(b), )
)
          Plaintiff, )
vs. )
)
PRO TRANSPORT, INC.; OSCAR )
ACHARANDIO; TONY MENENDEZ, )
)
          Defendants. )
_____ )

**RESPONSE IN OPPOSITION TO**
**MOTION TO ABATE DISCOVERY**

    Plaintiff Julio Antonio Silva, by and through his undersigned counsel, hereby Opposes Defendants' Motion to Stay Action/Abate Discovery Pending Resolution of Threshold Issue of Judicial Estoppel, and states as follows:

MEMORANDUM OF POINTS AND AUTHORITIES

**I.   Factual Background**

1. Defendants filed a Motion for Summary Judgment November 17, 2015 [DE 21]. On November 19, 2015, Defendants filed a Motion to Abate [DE 23] arguing that this matter should be abated until the critical issue of summary judgment is determined.

2. Plaintiff appreciates this Court granting additional time to file Plaintiff's responses to these respective motions and for this Court permitting Plaintiff to file a particular response to Defendants' Motion to Abate on this 16th day of December, 2015.

## II.     Argument

Defendants argue that "this Court should rule first on the pending threshold issue of judicial estoppel to determine whether Plaintiff can be allowed to even assert the instant claim or avail himself of the judicial process under these circumstances."

Plaintiff does not challenge whether this Court may abate discovery.  The question of whether discovery should be stayed is a question that is squarely within the discretion and directive of this Court.  <u>Patterson v. U.S. Postal Serv.</u>, 901 F.2d 927, 929 (11th Cir.1990).  Instead, it is a matter of whether this Court should abate discovery.

Naturally, Plaintiff opposes Defendants' Motion for Summary Judgment.  Plaintiff believes that his claim is meritorious and he should not be estopped.  As described in Plaintiff's opposition to Defendants' Motion for Summary Judgment, this was not a purposeful failure to disclose.  Further, it is inappropriate to foreclose on Plaintiff and his creditors the opportunity to properly be paid his wages under the FLSA because of this error.  Additionally, it is improper for a party to be awarded summary judgment for an affirmative defense that was not pled.

As this matter is solely within the Court's discretion, Plaintiff's arguments are factual in nature.  This is not the type of situation where abatement would help the Defendants avoid particularly burdensome discovery.  Abatement should only be for circumstances where the parties foresee a particularly large expense in discovery.  In this matter, the only issue pending currently is Defendants' depositions which have already been scheduled.

Of course, Defendants (and defendants as a class) foresee their victory and would prefer to not spend any effort on the case while the Court adjudicates the case in their favor.  If this is not the case, however, and the Court permits this action to go forward, then abatement would

only delay adjudication, force the parties to reschedule their depositions, and bump the court's deadlines further.

Plaintiff posits that this matter is not particularly special, in the sense that Defendants risk particularly more expense than another litigant. Instead, Defendants are avoiding a couple depositions. The time it should take for this Court to rule on the underlying Motion for Summary Judgment should not be so long as to justify the Court granting a Motion to Abate.

Plaintiff requests that this Court deny Defendants' Motion to Abate Discovery [DE 23]

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2015, I electronically filed this document via the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
E-mail: zabogado@aol.com

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121

## SERVICE LIST

Via cm/ECF
Richard Greiffenstein, Esq.
Zumpano Castro, LLC
Counsel for Defendants
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
(305) 503-2990