IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JULIO ANTONIO SILVA and all others          CIVIL ACTION NO. 15-cv-23028-RNS
similarly situated under 29 U.S.C. 216(b),

      Plaintiff,

vs.

PRO   TRANSPORT,   INC.,   OSCAR
ACHARANDIO, TONY MENENDEZ,

      Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

      Pursuant to the Federal Rule of Civil Procedure 56 and Local Rule 7.1, Defendants, PRO

TRANSPORT, INC., OSCAR ACHARANDIO and TONY MENENDEZ (collectively the

"Defendants"), hereby reply to Plaintiff's Response in Opposition to Defendants' Motion for

Summary Judgment and Incorporated Memorandum of Law (the "Response"), [D.E. 21].

**ARGUMENT**

      Defendants have filed a Motion for Summary Judgment on all counts of Plaintiff's

Complaint [D.E. 21]. Plaintiff has now filed a Response in Opposition [D.E. 28] (the

"Response") and an untimely Affidavit [D.E. 32] (the "Affidavit") that fail to refute the factual

allegations necessary to defeat the Motion for Summary. In the Response to Defendants' Motion

for Summary Judgment, Plaintiff makes only a few futile arguments in direct opposition to the

Defendant's Motion for Summary Judgment, which fail as a matter of law. On this record, the

undisputed facts show that summary judgment should be granted in favor of the Defendants.

**A. Plaintiff's Response and untimely Affidavit either admit or fail to refute any material allegation of the Motion for Summary Judgment.**

The Response was not filed with any evidentiary support[1]. As the Plaintiff concedes in the Response, "logistical problems prevented [an] affidavit from being filed on this… day…" *Response* p.2. This Court granted [D.E. 30] the Plaintiffs Motion for Extension of Time Nun Pro Tunc [D.E. 29] for the filing of the Response, but no leave has been sought or granted for the Affidavit, which was filed five days after the Response was filed. Therefore the Defendants object to the use of the Affidavit. However, as it is unclear whether this Court will consider the Affidavit at the time of this filing, this Reply will address the Affidavit as an abundance of caution. Even when considering the untimely Affidavit, Plaintiff has admitted or failed to deny each and every statement of undisputed fact made by the Defendants. Plaintiff acknowledges that a demand letter was sent on April 23, 2014. *Response* p.2. Further, Plaintiff admits that he "absolutely should have disclosed a potential claim when he filed for Chapter 13 bankruptcy as a potential asset," and agrees that "[t]he disclosure of the property of a bankruptcy estate is the debtor's ongoing duty." As, Plaintiff fails to refute any of the dates or existence of the filings in the statement of material facts, those should be deemed admitted pursuant to Local Rule 56.1(b).

**B. The strong inference from the record of Plaintiff's intent to mislead has not been rebutted by the Affidavit's bare assertions of inadvertence.**

Even when accepting the statements of the Response and Affidavit as true, the Plaintiff cannot claim that that the failure to disclose the subject claim on his bankruptcy schedules was done inadvertently, as Plaintiff has admitted that he knew about the claim at the time of the bankruptcy filing and he did not refute that he had a motive for the concealment of the claim. **Lack of knowledge of the claim or no motive for the concealment are the only two bases for**

---

[1] As the Response is not verified and does not cite any record evidence, and the Affidavit filed later and untimely is limited, there is no record evidence of the majority of the assertions made in the Response.

which Plaintiff can claim that failure to satisfy its statutory disclosure duty is **"inadvertent."** *See Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010).  The main discernable argument raised by the Plaintiff in the Response is that Plaintiff's error was inadvertent and the Defendants have failed to show intent on the part of the Plaintiff. As discussed above, Plaintiff does not directly contradict that he had intent with any record evidence, and the caselaw clearly shows that the intent can be inferred from the record for judicial estoppel.

The limited Affidavit notably omits any statement specifically denying that the Plaintiff had an intent to deceive the court when omitting the subject claim, and not one direct reference to record evidence is made in the Response. Therefore, almost all of the "factual" statements in the Response have no support in the Record and the Plaintiff failed to file its own statement of facts. The facts presented by the Defendants have been implicitly or explicitly admitted, and any additional "facts" presented in the Response have no relation to the record evidence and should therefore not be given weight. In sum, the Affidavit that was filed five days after the untimely Response should be stricken, or in the alternative, the inconsistent and self-serving conclusory statements therein should be given no weight.

The 11th Circuit "repeatedly has recognized that, when a debtor fails to disclose a pending lawsuit to the bankruptcy court, **while having knowledge of the lawsuit and a motive to conceal it, the doctrine of judicial estoppel bars the undisclosed action from proceeding**." *Dunn v. Advanced Med. Specialties, Inc.*, 556 F. Appx. 785, 788 (11th Cir. 2014)(emphasis added); *see also Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1272 (11th Cir. 2010); *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1294 (11th Cir. 2003); *De Leon v. Comcar Industries, Inc.,* 321 F.3d 1289, 1291 (11th Cir. 2003); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282,

Page 3 of 11

1285-88 (11th Cir. 2002). In *Burnes*, the Eleventh Circuit indicated that the following two factors will govern the analysis in determining whether to apply the doctrine of judicial Estoppel: 1) "[I]t must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding"; and 2) "such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes*, 291 F.3d at 1285; *see also Robinson*, 595 F.3d at 1273. While the second factor cannot be established by simple error or inadvertence, the 11th Circuit has held that, in the context of an omission of assets in a bankruptcy proceeding, "deliberate or intentional manipulation can be inferred from the record." *Robinson*, 595 F.3d at 1275; *Barger*, 348 F.3d at 1294; *Burnes*, 291 F.3d at 1286-88. This inference can be made even if the debtor claims the omission is the result of error or inadvertence. *Dunn*, 556 F. Appx. at 789; *Robinson*, 595 F.3d at 1275-76; *Barger*, 348 F.3d at 1295; *De Leon*, 321 F.3d at 1291-92; *Burnes*, 291 F.3d at 1286-87. Critically in the instant case, when "'**considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is "inadvertent" <u>only</u> <u>when</u>, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment**.'" *Robinson*, 595 F.3d at 1275 (quoting *Barger,* 348 F.3d at 1295-96)(emphasis added). Here, neither is true. Thus, despite the Plaintiff's brief statement of inadvertence in the Affidavit, this factor can be satisfied by establishing that the debtor had knowledge of the lawsuit and a motive to conceal it. *Robinson*, 595 F.3d at 1275-76; *Barger*, 348 F.3d at 1295; *De Leon*, 321 F.3d at 1291-92.

Additionally, the court can infer the motive to conceal by a debtor with an undisclosed claim because even if they did not actually get any proceeds, if they would have "realized any proceeds from the suit prior to the discharge of her bankruptcy… [debtor] could have kept the proceeds for herself without their becoming part of the bankruptcy estate and going to her

creditors to satisfy her debts." *Robinson*, 595 F.3d at 1275. In *Robinson,* that inference could be made even when the Debtor ended up fully satisfying all of her debts under the Chapter 13 plan after the lawsuit was filed. *Id.*

Lastly, a debtor cannot cure the omission by a subsequent amendment to the schedules, as the 11th Circuit has rejected the debtor's attempt to cure the omission by seeking to reopen the bankruptcy proceedings and/or amend the disclosures. *Burnes*, 291 F.3d at 1288; *see also Barger*, 348 F.3d at 1297; *De Leon*, 321 F.3d at 1291-92. "Allowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets." *Burnes*, 291 F.3d at 1288.

As noted above, there are no disputed facts, as Plaintiff admits nearly every relevant fact in the Response or Affidavit. While not specifically using the term "inadvertent," Plaintiff relies on the statements in the Affidavit saying the "I did not know that the claim in overtime was an asset that needed to be reported" and "I did not inform [his attorney] about my concurrent bankruptcy case because I did not know that it was relevant" as his argument against the application of judicial estoppel. Plaintiff knew he had an unpaid overtime claim and hired an attorney to pursue it, which led to the letter sent in April 2014. *Response* p.2. This fact alone should be dispositive. Subsequently, Plaintiff filed bankruptcy in October 29, 2014. *Response* p.2. According to the Response, "[i]n August, 2015, Plaintiff-employee saw an advertisement for [his attorney's] office, and elected to **make another attempt to recover his past wages**, which the [attorney] filed on August 12, 2015." *Response* p.2. This language clearly and

unambiguously states that he was aware of the unpaid overtime wages claim, which is the basis of the claim in the instant lawsuit. Accordingly, the Plaintiff fails to meet the first potential test for inadvertence that would excuse his statutory disclosure duty as he admittedly has knowledge of the undisclosed claims. Any potential argument that he somehow "forgot" of the claim during bankruptcy proceedings only to conveniently "remember" after a bankruptcy plan is approved (and fails to amend his bankruptcy) rings hollow.

The second part of the test for inadvertence is not satisfied here, as the Plaintiff certainly had a motive to conceal this lawsuit, as in *Robinson,* as he could have realized the proceeds from this suit prior to the discharge of his bankruptcy, thereby keeping the proceeds for himself, without going to his creditors to satisfy debts. *See Robinson*, 595 F.3d at 1275; *see also Barger*, 348 F.3d at 1294-95.

Also, in the Response, Plaintiff states (albeit in an unverified document) that Plaintiff "is in the process of rectifying this mistake," and that Plaintiff's attorney "has agreed to move to amend the bankruptcy schedules." This is irrelevant and immaterial. As stated above, "[a]llowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets." *Burnes*, 291 F.3d at 1288. Therefore, this late amendment does not remedy the judicial estoppel. In fact, upon review of the amended bankruptcy schedules filed by the Plaintiff (without any accompanying motion) as [D.E. 58](the "Amended Schedules")  in the U.S. Bankruptcy Court for the Southern District of Florida, Case No. 14-33924-LMI, the Plaintiff appears to continue to try and make a mockery of the judicial system, as the Plaintiff

only added the lawsuit as a line item called "Pending Lawsuit for unpaid wages amount unknown" with a value of $0.00. Amended Schedules p. 7. Further, in response to question 33, where the Amended Schedules ask if the Debtor has any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment… *Examples:* Accidents, **employment disputes**…," the Debtor clearly marked "No." Amended Schedules p.7 (emphasis added).  This is in stark contrast to the Plaintiff's Amended Statement of Claim filed in the instant lawsuit [D.E. 11], in which Plaintiff states that the claim is in the amount of $99,450.00 (in addition, the original statement of claim sought $218,790 [D.E. 7]). The Plaintiff maximizes the value of his claim when he is seeking money, but then minimizes (to $0.00) the value to creditors on the recently amended Bankruptcy Schedules. These two figures could not be more divergent and evidence a clear attempt to further manipulate the judicial system. Further, unsurprisingly, the Plaintiff does not give any details about the claim in the Amended Schedules, such as the Defendant or Case Number, which deprives the potential creditors and the court the opportunity to make an informed assessment.  In *Barger,* the court recognized that even though a debtor disclosed a lawsuit shortly after the bankruptcy was filed, but misrepresented and failed to disclose all of the relief sought, intentional manipulation was found. *Barger*, 348 F.3d at 1296. In the instant case, where the disclosure was long after the filing of the bankruptcy and only upon an attack by an adversary, the incomplete disclosure only affirms the arguments against the Plaintiff. Finally, Plaintiff failed to submit any sworn statement denying that there was any motive to conceal or that he lacked knowledge, instead only made a vague statement that he "did not know" that it was an asset, but still was able to remember later and file a claim. *See Affidavit*.

Accordingly, As Plaintiff both knew of the lawsuit during all relevant times and had a motive to conceal, it is clear that Judicial Estoppel is the only proper finding in order to prevent a

mockery of the judicial system. The motive to conceal is further supported by the late amendment to the bankruptcy schedules that assigned a value of $0.00 to the claim for bankruptcy purposes, while making a sworn claim in the instant case for $99,450.00.

> **C. Public policy favors the integrity of the judicial system to be free of manipulation, not the continued prosecution of previously undisclosed claims, no matter their basis.**

Plaintiff also attempts to make a policy argument in favor of denying the Motion for Summary Judgment, essentially stating that allowing the doctrine of judicial estoppel would prevent the Plaintiff and his creditors (after amendment of the schedules) from potentially collecting from the Defendants. The Response also makes a brief argument that about the merits of the FLSA. If their Policy argument were to be accepted, then the arguments would necessarily abolish the doctrine of judicial estoppel, especially in a bankruptcy scenario, as those same factors apply universally, including to all the cases cited above.

The Plaintiff ignores the duty of candor that exists in a bankruptcy action. The Bankruptcy Code requires "[a] debtor seeking shelter under the bankruptcy laws [to] disclose all assets, or potential assets, to the bankruptcy court." *Burnes*, 291 F.3d at 1286, which specifically includes a requirement to disclose any lawsuits. *Burnes*, 291 F.3d at 1286-87; *see also Robinson*, 595 F.3d at 1274 The duty of candor is so critical to the administration of the bankruptcy proceedings that it does not end with the submission of the filings; the debtor has a duty to amend his or her disclosures if circumstances change. The 11th Circuit recognizes that "[f]ull and honest disclosure in a bankruptcy case is 'crucial to the effective functioning of the federal bankruptcy system.'" *Burnes*, 291 F.3d at 1286-87 (quoting *Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al.*, 81 F.3d 355, 362 (3d Cir. 1996)). Accordingly, the doctrine of judicial estoppel is an indispensable important tool to ensure the need for full disclosure by the

debtor for his own self-interest. *Burnes*, 291 F.3d at 1286.

Therefore, while there are obviously valid public policy reasons for the FLSA, they are inapposite here and cannot serve to reward this Plaintiff.  If Plaintiff's policy concerns were given merit, then the doctrine of judicial estoppel would cease to exist. As the doctrine of judicial estoppel has its own public policy reasons and it is clearly established in the caselaw, the Plaintiff's argument in opposition fails.

### D.  Judicial Estoppel can be raised at any time as long as the Plaintiff has an opportunity to respond.

Lastly, Plaintiff attempts to argue that Defendants have waived the defense because it is not plead an affirmative defense. Courts have found that the failure to include judicial estoppel as an affirmative defense in the answer does not waive the right to assert the doctrine. *Lett v. Reliable Ruskin*, No. 1:05CV479-WHA, 2006 WL 2056582 at *4 (M.D. Ala. 2006). As discussed in *Lett:*

> "Although Federal Rule of Civil Procedure 8(c) which states in pertinent part: 'In pleading to a preceding pleading, a party shall set forth affirmatively ... estoppel ... and any other matter constituting an avoidance or affirmative defense....' The court finds that this argument is without merit.
>  "The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Grant v. Preferred Research, Inc.,* 885 F.2d 795, 797 (11th Cir.1989) (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 350 (1971)). "Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.' " *Id.* (quoting *Hassan v. U.S. Postal Service,* 842 F.2d 260, 263 (11th Cir.1988)). Because the Federal Rules of Civil Procedure have established liberal pleading rules with regard to affirmative defenses, the Eleventh Circuit has held that it is important to "avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule." *Hassan v. U.S. Postal Service,* 842 F.2d 260, 263 (11th Cir.1988).

> *Lett v. Reliable Ruskin*, 2006 WL 2056582 at *4 .

In the instant action, Plaintiff has not stated any prejudice it suffered due to the failure to

disclose judicial estoppel as an affirmative defense. Plaintiff cannot claim prejudice by the defendant's discovery of a fact that the Plaintiff knew all along. Also, the purpose of the doctrine of judicial estoppel supports the finding of no waiver. In particular, the doctrine exists to protect the integrity of the judicial system, not the litigants. *Burnes*, 291 F.3d at 1285-86. This purpose would not be served if the doctrine could be waived, particularly when the Plaintiff had an opportunity to respond, could not articulate any prejudice, and would be able to benefit from this deception at the expense of the integrity of the judicial system.

### E.  Any failure by Plaintiff's counsel does not absolve the Plaintiff.

The Plaintiff pleads ignorance by stating that "I did not know that the claim in overtime was an asset that needed to be reported" and "I did not inform J.H. Zidell, P.A. about my concurrent bankruptcy case because I did not know that it was relevant." *See Affidavit.* The Plaintiff neglects to inform the court as to whether either counsel made an inquiry as to the claim or bankruptcy, a subject area that any reasonable counsel (certainly in the bankruptcy context) should have inquired about. If any attorney for the Plaintiff is to have failed their duty, the malpractice would not be considered a defense to Judicial Estoppel, as "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." *Barger*, 348 F.3d at 1295.

## <u>CONCLUSION</u>

Based on the foregoing for the reasons stated in the Motion for Summary Judgment and herein, this Court should find that it is clear that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Respectfully submitted,

**ZUMPANO CASTRO, LLC**
*Counsel for Defendants*
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
Telephone:  (305) 503-2990
Facsimile:  (305) 774-5908
Email: carlos.zumpano@zumpanocastro.com
Email:  Joseph.Ruiz@zumpanocastro.com

By: */s/ Joseph Ruiz*
        Joseph Rene Ruiz, Esq.
        Florida Bar No. 65732


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th  day of December, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the below Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Joseph Ruiz*
        Joseph Rene Ruiz, Esq.


## SERVICE LIST
1:15-cv-23028 RNS

**J.H. Zidell, Esq.**
Fla. Bar No. 0010121
Email: zabogado@aol.com
**Steven C. Fraser, Esq.**
Fla. Bar No. 625825
Email: steven.fraser.esq@gmail.com
*Attorneys for Plaintiff*
J.H. ZIDELL, P.A.A
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305-865-676