IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JULIO ANTONIO SILVA and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

PRO TRANSPORT, INC., OSCAR ACHARANDIO, TONY MENENDEZ,

    Defendants.
_____/

CIVIL ACTION NO. 15-cv-23028-RNS

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY/ABATE DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to the Local Rule of Civil Procedure 7.1, Defendants, PRO TRANSPORT, INC., OSCAR ACHARANDIO and TONY MENENDEZ (collectively the "Defendants"), hereby reply to Plaintiff's Response in Opposition to Motion To Abate Discovery (the "Response"), [D.E. 33].

**ARGUMENT**

Defendants have filed a Motion for Summary Judgment on all counts of Plaintiff's Complaint (the "Motion for Summary Judgment")[D.E. 21], which has now been fully briefed by all parties. In relation to the Motion for Summary Judgment, the Defendants' also filed a Motion to Stay Action/Abate Discovery Pending Resolution of Threshold Issue of Judicial Estoppel and Incorporated Memorandum of Law (the "Motion to Stay") [D.E. 23], so that the Defendants could be spared the expense of responding to discovery and being subjected to depositions in an action that the Plaintiff should be judicially estopped from pursuing.

As detailed in the Motion for Summary Judgment, the 11th Circuit "repeatedly has

recognized that, when a debtor fails to disclose a pending lawsuit to the bankruptcy court, while having knowledge of the lawsuit and a motive to conceal it, the doctrine of judicial estoppel bars the undisclosed action from proceeding." *Dunn v. Advanced Med. Specialties, Inc.*, 556 F. Appx. 785, 788 (11th Cir. 2014)(emphasis added); *see also Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1272 (11th Cir. 2010); *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1294 (11th Cir. 2003); *De Leon v. Comcar Industries, Inc.,* 321 F.3d 1289, 1291 (11th Cir. 2003); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285-88 (11th Cir. 2002). As in those cases, The Plaintiff in the instant case also filed a bankruptcy petition which failed to disclose a claim. As admitted in the Plaintiff's Response in Opposition to the Motion for Summary Judgment [D.E. 26], The Plaintiff was aware of the instant claim at the time of the bankruptcy and in fact was aware that a demand letter was sent on his behalf about the claim prior to the bankruptcy. The only reasoning given is that Plaintiff did not know he had to disclose the claim. He instead waited until after a bankruptcy plan was approved before he went ahead and filed the instant lawsuit, in an apparent attempt to keep any proceeds. Over a month after the Motion for Summary Judgment (which raised the issue of non-disclosure) was filed is when Plaintiff made an attempt to amend his bankruptcy schedules. Even in the amended bankruptcy schedules, Plaintiff attributed a value of $0 to the instant lawsuit, despite claiming nearly $100,000 in the instant action. This can only bee seen as an additional attempt to make a mockery of the court, and the 11th Circuit has clearly rejected a debtor's attempt to cure the omission by seeking to reopen the bankruptcy proceedings and/or amend the disclosures. *Burnes*, 291 F.3d at 1288; *see also Barger*, 348 F.3d at 1297; *De Leon*, 321 F.3d at 1291-92.

      In the Plaintiff's Response, the only reasoning behind his opposition is that he expects to prevail on the Motion for Summary Judgment, as "this was not a purposeful failure to disclose."

*Response* at p. 2. The Plaintiff aslo makes the argument that "this matter in not particularly special, in that Defendants risk particularly more expense than another litigant." *Response* at p.3. The Plaintiff is of course correct that the granting of this motion lies in the discretion of this Court, but the Plaintiff does not contend that they would be prejudiced if the action was stayed/abated until a decision is made on the Motion for Summary Judgment.

The Plaintiff is against the Defendants' preference to "not spend any effort on the case while the Court adjudicates the case in their favor." *Response* at p.3. The Plaintiff wants the Defendants to suffer the attorney's fees of responses to discovery and depostions, for no other apparent reason than to be punitive, as no basis is provided. This is quite paradoxical, as the Plaintiff is simultaneously asking that this court forgive its error in not diclosing the claim this claim as it should while not allowing the Defendants to save the potentially unecessary legal fees on a claim that should not have been brought due to the Plaintiff's failure to disclose. Plaintiff provides no reason why this motion should not be granted, as judicial estoppel bars a claimant from bringing this action in the first place due to the actions of the Plaintiff himself. Therefore, the Defendants should not be forced to spend additional attorneys' fees while the pending Motion for Summary Judgment is decided.

                Respectfully submitted,

                **ZUMPANO CASTRO, LLC**
                *Counsel for Defendants*
                500 South Dixie Highway, Suite 302
                Coral Gables, Florida 33146
                Telephone: (305) 503-2990
                Facsimile: (305) 774-5908
                Email: Joseph.Ruiz@zumpanocastro.com

                By: */s/ Joseph Ruiz*
                  Joseph Rene Ruiz, Esq.
                  Florida Bar No. 65732

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of December, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the below Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Joseph Ruiz*
      Joseph Rene Ruiz, Esq.

## SERVICE LIST
1:15-cv-23028 RNS

**J.H. Zidell, Esq.**
Fla. Bar No. 0010121
Email: zabogado@aol.com
**Steven C. Fraser, Esq.**
Fla. Bar No. 625825
Email: steven.fraser.esq@gmail.com
*Attorneys for Plaintiff*
J.H. ZIDELL, P.A.A
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305-865-676