United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Julio Antonio Silva, and others, )<br>Plaintiffs )<br> )<br>v. )<br> )<br>Pro Transport, Inc., and others, )<br>Defendants ) | Civil Action No. 15-23028-Civ-Scola |

## Order Granting Motion for Summary Judgment

Plaintiff Julio Antonio Silva brings this action to recover unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. Defendants argue that Silva is judicially estopped from seeking unpaid wages, because Silva failed to report this action as a contingent or potential asset in an ongoing bankruptcy proceeding. (Mot. 3, ECF No. 21.) Therefore, Defendants assert that they are entitled to summary judgment. (*Id.*) The parties agree that Silva "failed to enter his wage and hour claim against his former employer on the bankruptcy schedule . . . ." (Resp. 2, ECF No. 28.) In fact, Silva admits that he "absolutely should have disclosed a potential claim when he filed for Chapter 12 bankruptcy as a potential asset." (*Id.* 3.) Yet, Silva argues that his failure to disclose his potential claim was unintentional making summary judgment inappropriate. (Resp. 5, ECF No. 28.) Additionally, Silva alleges that because Defendants did not raise judicial estoppel in their answer, they cannot raise it here. (Resp. 8, ECF No. 28.)

1. **Legal Analysis**

Judicial estoppel applies where (1) a party asserts inconsistent positions and (2) the inconsistency would allow a party to benefit from deliberate manipulation and mockery of the courts. *See, e.g.*, *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010). The parties agree that Silva asserts inconsistent positions, because Silva failed to list the instant claim on his bankruptcy schedules. (Mot. 5–6, ECF No. 21; Resp. 3, ECF No. 28.) Silva also agrees that "[t]he disclosure of the property of a bankruptcy estate is the debtor's ongoing duty" (Resp. 3, ECF No. 28), and he does not dispute that this "property" includes potential claims existing prior to the close of the bankruptcy case. *See* 11 U.S.C. § 1306(a).

Instead, Silva disputes whether his "manipulation" or nondisclosure was deliberate. (Resp. 6, ECF No. 28.) To determine whether a party's nondisclosure was a "deliberate manipulation," the law requires "intentional

contradictions, not simple error or inadvertence." *Robinson*, 595 F.3d at 1275 (citation omitted). A debtor's failure to satisfy his or her statutory duty to disclose is "inadvertent" only when the debtor either lacks knowledge of the undisclosed claim or has no motive for its concealment. *Id.* (citation omitted). The parties agree that such intent may be inferred from the record. (Mot. 8, ECF No. 21; Resp. 5, ECF No. 28.) Moreover, Silva agrees that he knew about the claim at the time of the bankruptcy filing and does not offer evidence refuting Defendants' claim that he had a motive to conceal the claim. Rather, Silva argues that the Court should not infer that his nondisclosure was deliberate, because he "moved to amend the schedule[] and only a small amount of time . . . passed under the Chapter 13 plan . . . ." (Resp. 6, ECF No. 28.)

The Court finds Silva's attempt to remedy the nondisclosure insufficient, if not irrelevant and immaterial. First, Silva asked to amend his bankruptcy schedules only after Defendants challenged Silva's omissions in their motion for summary judgment and months after Silva's bankruptcy plan was approved based on his misrepresentations to the bankruptcy court (Order Confirming Plan, ECF No. 21-4). This is insufficient. *See De Leon v. Comcar Indus.*, 321 F.3d 1289, 1292 (11th Cir. 2003) (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1283 (11th Cir. 2002) ("Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.") Second, the Eleventh Circuit has "repeatedly . . . recognized that when a debtor fails to disclose a pending lawsuit to the bankruptcy court, while having knowledge of the lawsuit and a motive to conceal it, the doctrine of judicial estoppel bars the undisclosed action from proceeding." *Dunn v. Advanced Med. Specialties, Inc.*, 556 F. App'x 785, 788 (11th Cir. 2014). Therefore, Silva's attempt to amend his bankruptcy schedules is immaterial and does not shield him from judicial estoppel.

Finally, Defendants' failure to raise the defense of judicial estoppel in their earlier responsive pleading does not waive their right to assert it here. *See Edwards v. Fulton Cty., Ga.*, 509 F. App'x 882, 887 (11th Cir. 2013) (explaining that a defendant does not waive an affirmative defense if the earlier omission does not prejudice a plaintiff, and there is no prejudice where a defendant raises the defense in a pretrial motion).

### 2. Conclusion

Accordingly, the Court **grants** Defendants' motion for summary judgment (ECF No. 21). If Defendants still wish to seek sanctions against Silva, Defendants may brief the Court in a separate motion.

**Done and ordered** at Miami, Florida on January 12, 2016.

_____
Robert N. Scola, Jr.
United States District Judge