IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JULIO ANTONIO SILVA and all others similarly situated under 29 U.S.C. 216(b), | CIVIL ACTION NO. 15-cv-23028-RNS |
| Plaintiff, | |
| vs. | |
| PRO TRANSPORT, INC., OSCAR ACHARANDIO, TONY MENENDEZ, | |
| Defendants. | |

## DEFENDANTS' MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

Defendants, PRO TRANSPORT, INC., OSCAR ACHARANDIO and TONY MENENDEZ (collectively "Defendants"), pursuant to Federal Rules of Civil Procedure and through undersigned counsel, file this Motion for Sanctions and state as follows:

## SUMMARY OF ARGUMENT

Plaintiff asserted claims that Plaintiff and his counsel knew or should have known were not warranted by existing law because Plaintiff was judicially estopped from bringing or proceeding with his action. Nonetheless, Plaintiff instead filed the instant action, which forced Defendants' to expend significant amounts in defending the instant action. It is apparent that Plaintiff and his attorneys were acting in bad faith and attempting to make a mockery of the legal system after Plaintiff failed to disclose the instant claim to creditors in his bankruptcy proceeding. Indeed, he falsely stated *under penalty of perjury* that he did not hold such a claim, but then filed the instant action anyways. Accordingly, the Plaintiff and his attorney must be sanctioned by the Court to compensate the victim of these abusive litigation tactics.

## MEMORANDUM OF LAW

Defendants respectfully request that the Court impose sanctions against Plaintiff. Federal courts have the inherent power to assess attorney's fees against when one has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (1991) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)). As stated by the U.S. Supreme Court:

> "[I]f a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party, as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order. The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy.

*Id.* at 45-46 (internal quotations and citations omitted).

A primary aspect of the court's discretion is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. A court may use its inherent power to impose sanctions on attorneys or parties. *Id.* at 43; *Roadway Express, Inc. v. Piper*, 447 U.S. at 766 ("The power of a court over members of its bar is at least as great as its authority over litigants"). "A court must . . . exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Chambers*, 501 U.S. at 50; *see also Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989) ("we have routinely insisted upon a finding of bad faith before sanctions may be imposed under the court's inherent power"); *Schmude v. Sheahan*, 420 F.3d 645, 650 (7th Cir. 2005) ("Because these inherent powers are potent, they must be exercised with caution and restraint").

Further, under 28 U.S.C. **§**1927, an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927. Unlike Rule 11 awards, which are limited to the amount necessary to deter and punish violators, Section 1927 exists to allow compensation to the victim of abusive litigation tactics. Sanctions under Section 1927 "are levied to compensate the victims of dilatory practices, not as a means of punishment." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1203 (10th Cir. 2008). A finding that the multiplication of the proceedings was *both* unreasonable and vexatious is required to impose Section 1927 sanctions. See *FDIC v. Conner*, 20 F.3d 1376, 1384-85 (5th Cir. 1994) (vacating District Court's Section 1927 sanction where no finding that attorney's actions were vexatious); *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) ("something more than a lack of merit is required. . . . The statute was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith") (internal citations and quotation marks omitted). Unlike sanctions using the Courts' inherent powers, under 28 U.S.C. §1927, "[t]he court can shift fees only to counsel, not to parties." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002).

It should be noted that Defendants are also filing, contemporaneously with the instant motion, a Motion for Sanctions based upon Rule 11 of the Federal Rules of Civil Procedure. Defendants are not seeking a double recovery for any portion of their litigation expenses, but both Motions have separate bases and remedies.

## ARGUMENT

This Court properly ruled against the Plaintiff in the instant action based upon a theory of Judicial Estoppel. *See Order Granting Motion for Summary Judgment,* [D.E. 38]. Notably, Judicial estoppel is a complete bar to the action itself, and not based on the merits of the case itself. Rather, Judicial Estoppel is intended to protect the integrity of the *entire judicial system.* It precludes a party from assuming a position in a legal proceeding that is inconsistent with one previously

asserted when inconsistency would allow the party to "play fast and loose with the courts." Oneida Motor Freight. Inc. v. United Jersey Bank, 848 F.2d 414, 419 (3rd Cir.1988), cert. denied, 488 U.S. 967, 109 S.Ct. 495. see McKinnon v. Blue Cross & Blue Shield of Alabama, 935 F.2d 1187, 1192 (11th Cir.1991).

The applicability of the doctrine of judicial estoppel uses a two-pronged test. Judicial estoppel requires a determination that (1) the positions asserted are in fact inconsistent, and (2) the inconsistency would allow a party to benefit from deliberate manipulation and mockery of the courts. Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1274 (11th CIR. 2010); Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 361 (3rd Cir.1996); see also Chandler v. Samford University, 35 F. Supp. 2d 861 (N.D. Ala.1999). This Court has already made a finding that the Plaintiff admitted the current claim should have been disclosed in the bankruptcy schedules. *See Order Granting Motion for Summary Judgment,* [D.E. 38]. Further, this Court also did not find any evidence that refuted that Plaintiff had a motive to conceal the claim. *Id.* Accordingly, the Court granted the Defendants' Motion for Summary Judgment. *Id.*

Based on the foregoing, Plaintiff and his counsel should have known that Plaintiff's claims are not warranted and that Plaintiff is judicially estopped from bringing or proceeding with the instant action. What is more, under the circumstances, it is apparent that Plaintiff was acting in bad faith, attempting to make a mockery of the legal system. Plaintiff failed to disclose the instant claim to creditors in his bankruptcy proceeding; indeed, he falsely stated *under penalty of perjury* that he did not hold such a claim. As stated in Robinson, "Our court has emphasized the importance of full and honest disclosure in bankruptcy proceedings, stating that it is 'crucial' to the system's effective functioning.'" Robinson, 595 F.3d at 1275, citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir.2002).

Here, there can be little doubt that in making a mockery of the judicial system, Plaintiff's actions constitute bad faith, richly deserving of sanctions: Plaintiff has made a mockery of the judicial system; he has lied and perjured himself; and he has wrongfully exploited the bankruptcy laws in an attempt to enrich himself at his creditors' expense. Accordingly, Defendants respectfully request that the Court use its inherent power to impose sanctions against Plaintiff in the form of assessing Defendants' fees and costs incurred in defending against the instant, unwarranted claim.

The Plaintiff makes ill-fated claims of ignorance by stating that "I did not know that the claim in overtime was an asset that needed to be reported" and "I did not inform J.H. Zidell, P.A. about my concurrent bankruptcy case because I did not know that it was relevant." *See Affidavit.* The Plaintiff neglected to inform the court as to whether Plaintiff's attorney made an inquiry as to the bankruptcy, a subject area that any reasonable counsel should have inquired about. If any attorney for the Plaintiff is to have failed in his or her duty, the malpractice would not be considered a defense, as "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1295 (11th Cir. 2003). Since it is clear that as Judicial Estoppel functions to bar the action altogether, the original filing of this action alone is an unreasonable and vexatious multiplication of the proceedings. After a reasonable inquiry, Plaintiff's counsel should have known that his client's claims were not warranted by existing law,[1] but, rather, as set forth above, are a frivolous mockery of the judicial system. Either Plaintiff's counsel did not make a reasonable inquiry, or he ignored the overwhelming authority showing that Plaintiff is estopped from asserting the instant claims. The significant costs expended in the defense of this case by the Defendant could have been avoided altogether if the Plaintiff's attorney had just searched the

---

[1] Notably, absent extenuating circumstances, an attorney cannot simply rely on the conclusory representations of a client. <u>Worldwide Primates, Inc. v. McGreal</u>, 331 F.3d 1241, 1255 (11th Cir. 2003).

electronic court records. Under 28 U.S.C. §1927, the failure of the Plaintiff's attorney to perform a simple search rises to the level of bad faith and requires compensation to the victim of the abusive litigation tactics by making the Attorney responsible to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. *See* 28 U.S.C. §1927.

## **CONCLUSION**

The record clearly shows that the Plaintiff has asserted inconsistent positions which were intentional, deliberate and calculated to manipulate the judicial system. There can be no doubt then that in making a mockery of the judicial system, Plaintiff's actions constitute bad faith and are deserving of sanctions. Accordingly, Defendants respectfully request that the Court use its inherent power and it power under 28 U.S.C. **§**1927 to impose sanctions against Plaintiff and his attorneys in the form of assessing Defendants' fees and costs incurred in defending against the instant, unwarranted claim.

WHEREFORE, Defendants respectfully request that this Honorable grant Defendants' Motion for Sanctions, make a finding that Plaintiff acted in bad faith, award to the Defendants their attorneys' fees and costs incurred in defending the instant action, and grant any further relief deemed just and proper.

Respectfully submitted,

**ZUMPANO CASTRO, LLC**
*Counsel for Defendants*
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
Telephone: (305) 503-2990
Facsimile: (305) 774-5908
Email: joseph.ruiz@zumpanocastro.com

By: */s/ Joseph Ruiz*
    Joseph Ruiz, Esq.
    Florida Bar No. 65732

## LOCAL RULE 7.1(A)(3)(a) CERTIFICATE

Counsel for Defendants certify that they have made reasonable attempts to confer with counsel for Plaintiff by electronic mail regarding this motion (and including a copy of same); however, after several hours, Plaintiff's counsel has not responded and therefore the Defendants have been unable to confer with the Plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of January, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the below Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Joseph Ruiz*
Joseph Ruiz

## SERVICE LIST
1:15-cv-23028 RNS

**J.H. Zidell, Esq.**
Fla. Bar No. 0010121
Email: zabogado@aol.com
**Steven C. Fraser, Esq.**
Fla. Bar No. 625825
Email: steven.fraser.esq@gmail.com
*Attorneys for Plaintiff*
J.H. ZIDELL, P.A.A
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766