IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JULIO ANTONIO SILVA and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

PRO TRANSPORT, INC., OSCAR ACHARANDIO, TONY MENENDEZ,

    Defendants.

CIVIL ACTION NO. 15-cv-23028-RNS

**DEFENDANTS' MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF AND INCORPORATED MEMORANDUM OF LAW[1]**

Defendants, PRO TRANSPORT, INC., OSCAR ACHARANDIO and TONY MENENDEZ (collectively "Defendants"), by and through undersigned counsel and pursuant to Rule 11 of the Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the Southern District of Florida, move this Honorable Court for entry of an Order sanctioning Plaintiff, JULIO ANTONIO SILVA, and his attorneys of record, J.H. Zidell, Esq., and Steven C. Fraser, Esq., of J.H. ZIDELL, P.A., and in support thereof state as follows:

**INTRODUCTION & SUMMARY OF THE ARGUMENT**

From the commencement of this case, and continuing to the present, Plaintiff has asserted claims that Plaintiff and his counsel knew (or after reasonable inquiry should have known) are not warranted by existing law because Plaintiff is judicially estopped from bringing or

---

[1] This Motion is being presented as served upon the Plaintiff due to the 21-day notice requirement in Rule 11(c)(2) of the Federal Rules of Civil Procedure; however, in the interim period, this Court has issued an Order granting the Defendant's Motion for Summary Judgment [D.E. 38].

proceeding with the instant action. Indeed, the doctrine of judicial estoppel is intended to prevent a party, like Plaintiff here, from making a mockery of the judicial system. Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1272 (11th Cir. 2010). "Specifically, judicial estoppel is designed to 'prevent a party from asserting a claim in a legal proceeding that is inconsistent with the claim taken by the party in a previous preceding {*sic*}.'" *Id.*, at 1273 (internal citation omitted).

Likewise, the purpose of Rule 11 sanctions is to reduce frivolous claims, and to deter costly meritless maneuvers. Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001). Under these circumstances, it is apparent that Plaintiff was acting in bad faith, maneuvering to make a mockery of the legal system. Plaintiff failed to disclose the instant claim to creditors in his bankruptcy proceeding; indeed, he falsely stated *under penalty of perjury* that he did not hold such a claim. As stated in Robinson, "Our court has emphasized the importance of full and honest disclosure in bankruptcy proceedings, stating that it is 'crucial' to the system's effective functioning.'" Robinson, 595 F.3d at 1275 citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002).

Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003) (quoting, Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001)); see also, Fed. R. Civ. P. 11(c). There can be little doubt that making a mockery of the judicial system, as Plaintiff does here, is an "improper purpose" under Rule 11(b)(1), richly deserving of sanctions.

This Motion was presented to Plaintiff and his counsel at least twenty-one (21) days before its filing with this Court and, despite same, Plaintiff and his attorneys have failed to withdraw or voluntarily dismiss the instant claims brought against Defendants.

In light of the foregoing, Plaintiff and his counsel should be sanctioned by this Court. Such sanctions should include, but not necessarily be limited to: 1) dismissal, with prejudice, of the Plaintiff's Complaint; and 2) payment of Defendants' reasonable costs, expenses and attorney's fees incurred in defending this action.

## **FACTUAL & PROCEDURAL BACKGROUND**

The following facts and chronology of events are not in dispute:

- The debtor/Plaintiff filed a Chapter 13 case on October 29, 2014.  A true and correct copy of his petition is attached as Exhibit "A" to the Summary Judgment Motion.

- Thereafter, Plaintiff filed his sworn bankruptcy schedules and statements on November 19, 2014.  A true and correct copy of the foregoing is attached as Composite Exhibit "B" to the Summary Judgment Motion.

- Plaintiff did not list any claim against the Defendants on his sworn bankruptcy schedules.  See Exhibit "B" to the Summary Judgment Motion.

- Plaintiff held an alleged wage and hour claim against Defendants at the time of his bankruptcy filing and at the time that he filed his schedules.  A true and correct copy of a demand correspondence to Defendants evidencing the foregoing is attached as Exhibit "C" to the Summary Judgment Motion.

- Plaintiff's Second Amended Chapter 13 plan was confirmed on April 15, 2015.  See Exhibit "D" to the Summary Judgment Motion.

- Plaintiff brought a wage and hour claim against Defendants on August 12, 2015.

- Plaintiff did not seek and has not sought to amend his bankruptcy schedules to disclose this claim, and has not otherwise disclosed this claim in bankruptcy. See Exhibit "E" to the Summary Judgment Motion.

What is more, it is apparent that Plaintiff was trying to "game" the legal system by concealing the instant claim from his creditors in order to retain for himself alone any proceeds obtained from this litigation. Plaintiff's concealment was not inadvertent, but intentional. And such intent may be inferred from the record. Id., at 1275 citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). The Court may conclude from this record that—as in Robinson—Plaintiff had a motive to conceal his claim because if he realized any profits from the suit, he would have been able to keep the proceeds for himself and denied the creditors a fair opportunity to claim what was rightfully theirs. Such gamesmanship must not be countenanced.

Under these circumstances, Plaintiff and his counsel knew, or should have known after reasonable inquiry, that Plaintiff's claims are not warranted because Plaintiff is judicially estopped from bringing or proceeding with the instant action, and Rule 11 sanctions are eminently proper.

## MEMORANDUM OF LAW

Under Rule 11 of the Federal Rules of Civil Procedure, an attorney who presents to the Court any paper, motion, or pleading certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that there is "evidentiary support" for any allegations or factual contentions made therein. Fed. R. Civ. P. 11(b)(3). Rule 11 requires that a party make "an inquiry reasonable under the circumstances" *prior to* filing a pleading, written, motion or paper. Fed. R. Civ. P. 11(b).

Furthermore, "Rule 11 sanctions are warranted when a party files a pleading that (1) has

Case 1:15-cv-23028-RNS Document 41 Entered on FLSD Docket 01/27/2016 Page 5 of 9
*Silva v. Pro Transport, Inc., et al.*
Case No. 1:15-cv-23028-RNS
Page | 6

no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." <u>Baker v. Alderman</u>, 158 F.3d 516, 524 (11th Cir. 1998). This lawsuit, which is barred by judicial estoppel, (1) has no reasonable legal basis; (2) has no reasonable chance of success; and (3) is filed in bad faith for an improper purpose, *to wit*: to make a mockery of the judicial system.

As set forth more fully in Defendants' Motion for Summary Judgment and for Sanctions (the "Summary Judgment Motion") [D.E. 21], judicial estoppel is a complete bar to this action. Judicial estoppel is intended to protect the integrity of the judicial system. It precludes a party, like Plaintiff here, from assuming a position in a legal proceeding that is inconsistent with one previously asserted, when such an inconsistency would allow the party to "play fast and loose with the courts." <u>Oneida Motor Freight. Inc. v. United Jersey Bank</u>, 848 F.2d 414, 419 (3rd Cir.1988), cert. <u>denied,</u> 488 U.S. 967, 109 S.Ct. 495. <u>see</u> <u>McKinnon v. Blue Cross & Blue Shield of Alabama</u>, 935 F.2d 1187, 1192 (11th Cir.1991).

Judicial estoppel requires a determination that (1) the positions asserted are in fact inconsistent, and (2) the inconsistency would allow a party to benefit from deliberate manipulation and mockery of the courts. <u>Robinson v. Tyson Foods, Inc.</u>, 595 F.3d 1269, 1274 (11th CIR. 2010); <u>Ryan Operations G.P. v. Santiam-Midwest Lumber Co.,</u> 81 F.3d 355, 361 (3rd Cir.1996); <u>see</u> also <u>Chandler v. Samford University,</u> 35 F. Supp. 2d 861 (N.D. Ala.1999). It is beyond cavil that both prongs of the judicial estoppel test have been satisfied in the instant matter. First, Plaintiff used the judicial system to assert two legal positions that are completely inconsistent by failing to report his wage and hour claim as a contingent or potential asset in ongoing bankruptcy proceedings, while concurrently retaining counsel to avail himself

of his rights in connection with the instant matter. Second, it is undisputed that such inconsistency would allow Plaintiff to benefit from his deliberate manipulation by keeping his creditors in the bankruptcy proceedings "in the dark" about the instant matter, while then seeking compensation in in this action for his personal benefit and to the detriment of those creditors.

Here, there can be little doubt that in making a mockery of the judicial system, Plaintiff's actions constitute an improper purpose, deserving of sanctions: Plaintiff has made a mockery of the judicial system; he has lied and perjured himself; and he has wrongfully exploited the bankruptcy laws in an attempt to enrich himself at his creditors' expense.

Moreover, it is clear that Plaintiff and his counsel did not make a "reasonable inquiry" before filing the Complaint against Defendants herein. J.H. Zidell, Esq., and Steven C. Fraser, Esq., of J.H. Zidell, P.A., as Plaintiff's counsel, also engaged in substantial violations of Rule 11(b) and should be sanctioned for failing to conduct a reasonable inquiry into the facts and the law before filing Plaintiff's Complaint. It is well-established that Rule 11 imposes on an attorney who signs a pleading "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 551 (1991); Worldwide Primates, Inc. v. McGreal, 331 F.3d 1241, 1255 (11th Cir. 2003) ("an attorney must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit."). The reasonableness of the prefiling inquiry "may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for the facts underlying the violative document; or whether he depended on forwarding counsel or another member of the bar." Worldwide Primates, Inc., 87 F.3d at 1254 (citations omitted). Counsel fails to conduct a reasonable prefiling inquiry and is subject to Rule 11 sanctions when the information showing that the claim is unwarranted was available from prior litigation (like

Plaintiff's bankruptcy filing here).  See, e.g., Collins v. Walden, 834 F.2d 961, 965 (11th Cir. 1987) (affirming Rule 11 sanctions against counsel who had information from prior litigation that established claim lacked basis).  The imposition of sanctions on the attorney, rather than, or in addition to, the client, is sometimes proper "since it may well be more appropriate than a sanction that penalizes the parties for the offenses of their counsel."  Mike Ousley Productions, Inc. v. WJBF-TV, 952 F.2d 380, 382 (11th Cir. 1992).

Indeed, under Rule 11, Plaintiff's attorney had a duty to make a reasonable inquiry into both the legal and factual basis of his client's claim prior to filing suit.  "If the attorney/party does not make a 'reasonable inquiry', then the court must impose sanctions-despite the attorney/party's good faith belief that the claims were sound."  Pelletier v. Zweifel, 921 F.2d 1465, 1514 n. 88 (11th Cir 1991)(citing Donaldson, 819 F.2d at 1556).

In the present case, after a reasonable inquiry, Plaintiff's counsel should have known that his client's claims are not warranted by existing law,[2] but, rather, as set forth above, are a frivolous mockery of the judicial system.  Either Plaintiff's counsel did not make a reasonable inquiry, or he ignored the overwhelming authority showing that Plaintiff is estopped from asserting the instant claims.  By failing to conduct a reasonable inquiry into the facts and law before filing the Complaint, Plaintiff's counsel engaged in substantial violations of Rule 11.

In any event, Plaintiff's claims amount to a mockery of the judicial system and this Court is well within its discretion and authorized by Rule 11 to impose sanctions against Plaintiff and his counsel.

---

[2] Notably, absent extenuating circumstances, an attorney cannot simply rely on the conclusory representations of a client.  Worldwide Primates, Inc., 331 F.3d at 1255.

## **CONCLUSION**

WHEREFORE, based on the foregoing, Defendants respectfully request that this Court sanction Plaintiff and his counsel pursuant to Federal Rule of Civil Procedure 11 based on Plaintiff's frivolous claims by dismissing Plaintiff's Complaint with prejudice and order Plaintiff's counsel to pay Defendants' reasonable attorney fees incurred as result of defending this action, which shall be determined at a later date.

        Respectfully submitted,

        **ZUMPANO CASTRO, LLC**
        *Counsel for Defendants*
        500 South Dixie Highway, Suite 302
        Coral Gables, Florida 33146
        Telephone: (305) 503-2990
        Facsimile: (305) 774-5908
        Email: carlos.zumpano@zumpanocastro.com
        Email: joseph.ruiz@zumpanocastro.com

        By: */s/ Joseph Ruiz*
            Carlos A. Zumpano, Esq.
            Florida Bar No. 184240
            Joseph Ruiz, Esq.
            Florida Bar No. 65732

## CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 11 & LR 7.1(a)(3)

The undersigned below certifies that, pursuant to Fed. R. Civ. P. 11, this Motion was served via e-mail and certified U.S. Mail (Return Receipt Requested) upon J.H. Zidell, Esq., and Steven C. Fraser, Esq., of J.H. ZIDELL, P.A., the attorneys of record for Plaintiff, on November 27th, 2015, no less than twenty-one (21) days before filing the same with the Court. The undersigned below further certify that, pursuant to Local Rule 7.1(a)(3), Counsel for Defendants certify that they have made reasonable attempts to confer with counsel for Plaintiff by electronic mail regarding this motion (and including a copy of same); however, after several hours, Plaintiff's counsel has not responded and therefore the Defendants have been unable to confer with the Plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 27, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the below Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Joseph Ruiz*
Joseph Ruiz, Esq.

## SERVICE LIST
1:15-cv-23028 RNS

**J.H. Zidell, Esq.**
Fla. Bar No. 0010121
Email: zabogado@aol.com
**Steven C. Fraser, Esq.**
Fla. Bar No. 625825
Email: steven.fraser.esq@gmail.com
*Attorneys for Plaintiff*
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766