UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-23028-RNS

JULIO ANTONIO SILVA, and all others )
similarly situated under 29 U.S.C. 216(b), )
)
           Plaintiff, )
  vs. )
)
PRO TRANSPORT, INC.; OSCAR )
ACHARANDIO; TONY MENENDEZ, )
)
           Defendants. )
_____ )

**PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SANCTIONS, AND MOTION FOR RULE 11 SANCTIONS D.E. 40 & 41**

Plaintiff, by and through Undersigned Counsel, opposes the imposition of sanctions and the Motions for such D.E. 40 & 41, moves for The Court to deny same, and in support of which states;

**MEMORANDUM OF LAW AND ARGUMENT**

    **I: Overview**

Fundamentally, the question is whether the Plaintiff and his counsel proceeded in good faith. Despite Defense Counsel's pejorative tone, there was a good faith basis for J.H. Zidell, P.A. and Plaintiff to file the action, and proceed with the action despite the bankruptcy. Whether there was bad faith in not disclosing the case to the Bankruptcy Court, is a different question, that involves counsel other than J.H. Zidell, P.A., and a different court.

1

Simply put, the key to unlocking the power of The Court's ability to impose sanctions, is to show the attorneys acted in bad faith. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). Rule 11 requires bad faith, and 28 U.S.C. §1927 both rely on bad faith, one calls it bad faith, and the other calls it vexatiousness. Hence, without a showing of bad faith both Rule 11 and 28 U.S.C. §1927 Sanctions may not be awarded against J.H. Zidell, P.A.

There was absolutely no bad faith on the part of Plaintiff's Counsel. J.H. Zidell, P.A. was not Plaintiffs Bankruptcy Counsel. Plaintiff had separate counsel for the Bankruptcy Proceeding, and when J.H. Zidell, P.A., found out about the bankruptcy, J.H. Zidell, P.A. immediately alerted Plaintiff's Bankruptcy Counsel, who informed J.H. Zidell, P.A.. that the Bankruptcy proceeding would be amended. If there was a misrepresentation to a court, or any bad faith, or any duty to inquire about the Plaintiff's financial status, the appropriate counsel to fault is Plaintiff's Bankruptcy Counsel.

The argument boils down to the fact that Judicial Estoppel is a discretionary call for The Court, "…judicial estoppel 'is an equitable doctrine invoked by a court at its discretion," *Russell v. Rolfs,* 893 F.2d 1033, 1037 (C.A.9 1990) (internal quotation marks and citation omitted." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). One cannot pursue a litigation in bad faith, if allowing said litigation is within The Court's Discretion. Hence, Rule 11 Sanctions, and 28 U.S.C. § 1927 Sanctions are completely unsupportable.

"Courts have observed that '[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation or principle.' Allen, 667 F.2d, at 1166; (further citations omitted)." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). If there is no general formula or principle for a court to follow, it is an impracticable

2

argument that J.H. Zidell, P.A., should not have proceeded with the case because the application of Judicial Estoppel was certain, and that doing so was bad faith.

More importantly, the Supreme Court notes that essential to the decision as to whether apply judicial estoppel is "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751. J.H. Zidell, P.A., informed Plaintiffs Bankruptcy Counsel to avoid the unjust enrichment of the Plaintiff, and the Defendants suffered no unfair detriment, but rather a significant windfall. Had the case been disclosed, it would have simply become part of the Bankruptcy Estate, and be put in the hands of the Bankruptcy Trustee.

Hence, the Defendants would still be facing an FLSA claim, and are only saved from same because of the Plaintiffs inadvertent failure to disclose, likely due to Bankruptcy Counsel failing to ask enough questions about the assets of the bankruptcy estate. There was a great windfall for the Defendants, not a detriment to them. Therefore, had The Court not ruled for Judicial Estoppel, it would have had plenty of precedent to justify that position as well. If a decision is discretionary, then petitioning a court for said decision violates neither Rule 11 nor 28 U.S.C. § 1927.

Under Rule 11 we are all aware of the three criteria, that sanctions are appropriate where (1) there is no reasonable factual basis (2) it is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith and for an improper purpose. The proper purpose was to recover funds owed under the FLSA. The facts that existed were reasonable enough to create a case or controversy as to whether the FLSA was violated, and that does not change because of Judicial

Estoppel. The reasonable chance of success on the law was that there was a tangible FLSA claim that could have led to recovery.

28 U.S.C. §1927 fees are awarded against an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927 as quoted in D.E. 40 p. 2-3. "A finding that the multiplication of proceedings was *both* unreasonable and vexatious is required to impose Section 1927 sanctions. See, *FDIC v. Conner*, 20 F.3d 1376, 1384-85 (5th Cir. 1995)." D.E. 40 pg 3 (emphasis in original).

Vexatiously means that a claim is brought purely for the purpose of annoying another party and harassing them. The claim was brought because the Defendants violated the FLSA, and they completely lose sight of that in their sanctions motions. The fact that the Defendants got lucky because the Plaintiff failed to disclose, to two sets of counsel, pertinent information, has absolutely no bearing on whether there was a violation of The FLSA.

In other words, just because the client did not disclose something in Bankruptcy Court, and therefore his FLSA Case was dismissed in District Court, does not mean that the FLSA was not violated. Hence, the suit was not brought vexatiously, because the purpose was not to annoy and harass the Defendants, but to collect actual dollars owed to Plaintiff under the FLSA.

The proper good faith non-vexatious purpose of the FLSA suit was to recover for the violation of the FLSA by the Defendants. Hence, Rule 11 Sanctions are inappropriate, because the reasonable legal basis was the FLSA violation, the chance of success was only hampered by a procedural issue, and the purpose was to recover for FLSA violations. Since, their argument is basically identical for the §1927 Motion, there was no vexatiousness in a lawsuit that had a proper

4

purpose in seeking redress for FLSA violations, and was within The Court's discretion to allow to proceed.

**II: Defendants' Fabrication of a Legal Standard**

Properly cited the case that Defendants hinge their argument on is *World Wide Primates, Inc., v. McGreal*, 26. F.3d 1089 (11th Cir. 1994). While Undersigned Counsel is not a master of the Blue Book Citation Format and, therefore, throws no stones. However, upon finding the case, Counsel was more than perturbed that it did not stand for the argument that "Notably, absent extenuating circumstances, an attorney cannot simply rely on the conclusory representations of a client." (D.E. 40 pg. 5 fn. 1). Which is perturbing given the pinpoint citation reading "Worldwide Primates, Inc. v. McGreal, 331 F.3d 1241, 1255 (11th Cir. 2003)," given by Defendants. *Id.* The same exact quoted text is footnote 2 in D.E. 41 pg. 7. More evidence that the Defendants' Motions are do not put forth separate arguments, nor realize the difference between the remedies.

On page 6 of D.E. 41 Defendants make up a pinpoint citation to Worldwide Primates again, "The reasonableness of the prefiling inquiry 'may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for the facts underlying the violative document; or whether he depended on forwarding counsel or another member of the bar.' Worldwide Primates, Inc., 87 F.3d at 1254."

If Defendants' made up pinpoint citation is correct because it is from another case incorrectly cited, J.H. Zidell P.A. was only the FLSA Counsel for Plaintiff and he had an attorney named Mary Reyes for the Bankruptcy. (D.E. 32-1). Bankruptcy Counsel is the party that really should have conducted an ongoing investigation and inquiry into the assets, including law suits of Plaintiff, not FLSA Counsel. Hence, the failure to disclose, is properly blamed on the counsel in

5

the proceeding in which the disclosure was not made. Not on the Plaintiff who relied on said counsel, nor J.H. Zidell P.A. who relied on Mary Reyes, another member of the bar, to do a reasonable inquiry into whether there were any undisclosed assets and inform the other court. Hence, the alleged failure is not on the part of the Counsel who filed the FLSA Complaint J.H. Zidell, P.A., but if it is to be found at all, it is on the part of the attorney who had a duty to investigate assets, specifically, Ms. Reyes.

To be clear, however, the case that Defendants rely on to state, in both motions, their main contention that Counsel acted unreasonably, in depending on the Defendant's statements, is pinpoint cited and the pinpoint citation leads to a criminal case nine years later. The real case WorldWide Primates, Inc. 26 F.3d 1089 (1994), is a case about the Florida Tort of interfering with a business relationship, in which the business relationship alleged to be affected was not at all affected. That Court did not hold anything regarding Counsel, but rather that the sanctioning of counsel was not addressed by the District Court and may be upon remand. Hence, the citations that Defendants claim show authority for sanctioning Plaintiff's Counsel are from a case that does not hold anything as to sanctioning counsel.

It is sheer hubris to ask a court to sanction another party, through blatant misrepresentation of precedent.

### III: The Actual Legal Standard

The Defendants claim there was a fraud upon the court, including what they allege is perjury, which would have taken place in The Bankruptcy Court, an entirely different proceeding. However, the Defendant's throw around these words without regard to what a fraud on the court is defined as, and the fact that perjury is still not a fraud on the court for which an attorney may be

6

sanctioned. "Generally, "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)." *Patterson v. Lew*, 265 Fed. Appx. 767, 768-769 (11th Cir. 2008). The Eleventh circuit went on to state:

> We have consistently held that a fraud between parties is not a fraud on the court. For example, we held in *S.E.C. v. ESM Group, Inc.*, 835 F.2d 270 (11th Cir. 1988), that an attorney's failure to disclose information that may have been helpful to the defense was not fraud on the court. Id. at 274. <u>We even declared in that case that perjury does not constitute fraud on the court.</u> Id. at 273.

*Patterson v. Lew*, 265 Fed. Appx. 767, 769 (11th Cir. 2008). (emphasis added)

Furthermore, as argued supra, where good faith exists for the bringing or continuing of litigation, Rule 11 does not apply, and vexatiousness is not an issue, hence, Section 1927 does not come into play. Defendants fail to realize the gravitas associated with a claim of bad faith, and the high bar that they fail to meet to prove same.

> Bad faith can be found where the court finds that a ". . . fraud has been practiced upon it, or that the very temple of justice has been defiled," where a party delays or disrupts the litigation, or hampers the enforcement of a court order, or where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *See Chambers,* 501 U.S. at 46; *Barnes,* 158 F.3d at 1214 (*citation omitted*). In determining whether sanctions should be awarded under the bad faith standard, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *Rothenberg v. Sec. Mgmt Co., Inc.,* 736 F.2d 1470, 1472 (11th Cir. 1984).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, *14 (S.D. Fla. Nov. 24, 2009).

In the instant case the motive was to recover for FLSA violations. The enforcement of the FLSA is essential, as the FLSA is remedial in nature, serves a great public policy purpose, and is enforced through the ability of employees to file lawsuits. Hence, bringing an FLSA suit, which was within the discretion of The Court to allow, was not something that defiles the very temple of justice. The conduct of J.H. Zidell was to allow The Court to use its discretion to determine if said case should continue or be Judicially Estopped, which is properly a discretionary call. The motive was to recover for violations of the FLSA, an important motive that fulfills a public policy purpose. Hence, there is no inquiry into the behavior of J.H. Zidell, P.A., that could rise anywhere near the level of bad faith.

Rule 11, requires bad faith, §1927 requires vexatiousness. Defendants should not be permitted to argue for the existence of either, because they fail to recognize the standard applicable to each.

Under Rule 11, sanctions should be denied so long as there is some tenable legal position being argued that is not totally baseless. *See, Brunt v. Service Employees International Union*, 284 F.3d 715 (7th Cir. 2002); *Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.*, 202 F.3d 965 (7th Cir. 2000). Since Estoppel is an equitable remedy within the discretion of The Court, there was a tenable legal argument to file the FLSA Suit, and oppose summary judgment.

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court stated that it is important for "a district court [to] resist the understandable temptation to engage in post

hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." There is a definite distinction to be drawn between losing a summary judgment motion and being accused of vexatious litigation—the latter which did not occur in this case. *See also* bad faith analysis in *Monk v. Roadway Express, Inc.*, 599 F.2d 1378, 1382-83 (5th Cir. 1979); *Loftus v. Southeastern Pennsylvania Transportation Authority*, 8 Fed.Supp. 2d 458; 1998 U.S. Dist. LEXIS 6650 (E.Dist. Pa. 1998).

Furthermore, a number of courts have cautioned, that the power to impose sanctions should be exercised with restraint, lest the prospect chill the proper and forceful advocacy on behalf of clients. *See, Lino L. Alphonso v. Pitney Bowes, Inc. and Norm Somme*r, 356 F. Supp. 2d. 442 (Dist. N.J. 2005).

**IV: Conclusion**

The Defendants articulate no practicable argument under which Rule 11 nor § 1927 Sanctions may be imposed upon Plaintiff and Plaintiff's Counsel. Plaintiff's Counsel acted in good faith, and for a nonvexatious purpose.

In fact, when Plaintiffs' Counsel found out there was a bankruptcy and that the Plaintiff had Bankruptcy Counsel, J.H. Zidell, P.A., immediately alerted Bankruptcy Counsel of the need to amend the bankruptcy proceeding to avoid inequity. This is the polar opposite of bad faith, improper purposes, and vexatious motives.

Hence, while The Court decided to apply an equitable remedy, Plaintiff's Counsel did not act inequitably. In fact, J.H. Zidell, P.A., actively pursued an equitable and just resolution to the problem of non-disclosure in an action it had nothing to do with, by alerting proper counsel she needed to amend. The idea that such behavior is bad faith is impracticable. The idea that the purpose behind the lawsuit was vexatious, when The Court had the discretion to allow it to continue, is completely fallacious. Without an improper purpose, bad faith, and vexatiousness, Defendants' motions for sanctions fail before they ever leave the gate.

If the Plaintiff acted inequitably, because Bankruptcy Counsel did not inquire properly, then the remedy of summary judgment was more than adequate to sanction the behavior.

Any way that the behavior of Counsel and Plaintiff is viewed, no view leads to the conclusion that the Defendants acted equitably, nor that they did not commit gross violations of the FLSA, just that they avoided litigating the issue.

**Hence**, Plaintiff, through Undersigned Counsel, opposes the imposition of sanctions and the Motions for such D.E. 40 & 41, and moves that The Court deny same.

    Respectfully Submitted,

    J.H. Zidell, P.A.
    300 71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167
    *Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on April 07, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028