IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JULIO ANTONIO SILVA and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

PRO TRANSPORT, INC., OSCAR ACHARANDIO, TONY MENENDEZ,

    Defendants.
_____/

CIVIL ACTION NO. 15-cv-23028-RNS

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTIONS FOR SANCTIONS [D.E. 40 & 41] AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rule 7.1, Defendants, PRO TRANSPORT, INC., OSCAR ACHARANDIO and TONY MENENDEZ (collectively the "Defendants"), hereby reply to "Plaintiff's Response to Defendants Motion for Sanctions, and Motion for Rule 11 Sanctions D.E. 40 & 41" (the "Response"), [D.E. 49].

**SUMMARY**

Defendants' Motion for Summary Judgment on all counts of Plaintiff's Complaint (the "Motion for Summary Judgment") [D.E. 21] was resolved on January 13, 2016 by an Order Granting Motion for Summary Judgment (the "Order") [D.E. 38]. The Motion for Summary Judgment also requested monetary sanctions. The Order did not rule on the monetary sanctions, but rather stated "[i]f Defendants still wish to seek sanctions against Silva, Defendants may brief the Court in a separate motion." Order at p.3. Defendants therefore filed two separate motions for sanction on January 27, 2016, titled "Defendants' Motion for Sanctions and Incorporated

Memorandum of Law" [D.E. 40] ("Sanctions Motion") and "Defendants' Motion for Rule 11 Sanctions Against Plaintiff and Incorporated Memorandum of Law" [D.E. 41] ("Rule 11 Motion") (collectively, the "Motions for Sanctions"), based on the Court's inherent powers and Rule 11, respectively.  Plaintiff has now filed a consolidated Response in Opposition [D.E. 49] (the "Response") that fails to adequately refute the Motions for Sanctions. Plaintiff makes only a few futile arguments in direct opposition to the Defendant's Motions for Sanctions, and the majority of their argument concentrates on exculpating the Defendant's counsel, rather than Defendant himself.

## ARGUMENT

Plaintiff's Response is not divided into any discernable sections, but instead responds in a stream of consciousness style. The flawed themes of its opposition to the Motions for Sanctions appear to fall into a few categories. The first argument a public policy argument that attempts to state that an FLSA claim cannot be in bad faith, because the "proper good faith non-vexatious purpose of the FLSA suit was to recover for the violation of the FLSA… and was only hampered by a procedural issue" Response at p. 4. Second, Plaintiff states that two incorrect numerical citations in the Motions for Sanctions, despite referencing the correct citation in the Response, constitute a "misrepresentation of precedent." Response at p. 6. Additionally, the Response vigorously defends Plaintiff counsel's actions and lack of knowledge, but makes very little analysis of Plaintiff's own actions and failure to disclose. Lastly, Plaintiff's arguments about the legal standard fail as they misapply caselaw. Therefore, the Motions for Sanctions must be granted.

    **A.**    **An FLSA Claim is Not Shielded From Sanctions and Bad Faith Claims.**

Plaintiff attempts to make a policy argument in favor of denying the Motions for Sanctions, essentially stating that the actions of the Plaintiff and his counsel cannot be in bad faith or vexatious, simply because the "purpose of the FLSA suit was to recover for the violation of the FLSA." Response at p. 4. Additionally, the Plaintiff minimizes the doctrine of judicial estoppel by saying that "the chance of success was only hampered by a procedural issue, and the purpose was to recover for FLSA violations." Response at p. 4. Plaintiff attempts to extend the public policy arguments for the FLSA to make any FLSA lawsuit as good faith per se.

This position is untenable. By the Plaintiffs own logic, Plaintiff could have brought a claim 10 years after the statute of limitations has elapsed, or a claim on behalf of an individual who is clearly exempt. Interestingly, the second example is actually present in this case, as the Plaintiff was exempt from the FLSA overtime pay requirements under the "motor carrier" exemption to the FLSA, 29 U.S.C. §213(b)(1), as stated in the Defendants Answer and Affirmative Defenses [D.E. 10]. Plaintiff attempted to avoid the motor carrier exemption, which applies to mechanics working for motor carriers, by claiming that Plaintiff was a "tire changer" instead. Complaint [D.E. 1] at ¶10. However, contrary to Plaintiff's assertions, 29 C.F.R. 782.6(a) clearly includes a person with job duties including "[i]nspecting and checking air pressure in tires, changing tires, and repairing and rebuilding tires for immediate replacement on the vehicle from which they were removed" as within the definition of mechanic. 29 C.F.R. 782.6(a). This alone could have been dispositive, however the factual issues made judicial estoppel the better vehicle for speedy resolution, so the Defendants used that instead. But based on that information, it is disingenuous to claim, as Plaintiff does, the "Defendants got lucky because the Plaintiff failed to disclose, to two sets of counsel, pertinent information..." and the failure to disclose "has absolutely no bearing on whether there was a violation of the FLSA." Response at p. 4. That

statement alone shows the callous indifference that the Plaintiff and its counsel show, as it ignores the expenses extended by the Defendants on an invalid claim (and apparently wants the Defendants to consider themselves lucky that they didn't spend more), but it also admits that the Plaintiff failed to disclose pertinent information, yet they believe that it is of no bearing. The Plaintiff and his counsel's actions do have a bearing on whether they acted in a vexatious or bad faith manner, irrespective if the claim was originally brought for an FLSA violation, particularly in this instance, where there were not one, but two bases, that would have disqualified the FLSA claim.

Plaintiff also fails to account for any timing disparities. While it is true that the *Plaintiff's counsel* may use a defense that it was not aware of the bankruptcy *at the time of filing the lawsuit,* that does not absolve *Plaintiff,* nor does it absolve *Plaintiff's counsel* from continuing to prosecute the action *once notified*. As detailed in the Rule 11 Motion, and not refuted by Plaintiff, they received 21 days' notice to withdraw the pleading and failed to do so. That put the Plaintiff's attorney on notice, and therefore he could be responsible for Defendants' attorney fees from that point forward, regardless of his knowledge at the time of filing.

In sum, if Plaintiff's Policy argument were to be accepted, then the arguments would necessarily abolish any bad faith or vexatious litigation sanction in all FLSA cases, even in a situation such as this one where the Plaintiff admits a failure to disclose. The Plaintiff ignores the duty of candor that exists in a bankruptcy action, or deflects it as being the jurisdiction of the bankruptcy court only. Therefore, while there are obviously valid public policy reasons for the FLSA, they are inapposite here and cannot serve to shield this Plaintiff or Plaintiff's counsel. Accordingly, Plaintiff's argument in opposition fails.

### B. There is established precedent for the propositions stated by the Defendants.

Plaintiff attempts to distract from his argument by pointing out incorrect numbers in the citation that appears once in each of the Motions for Sanctions. Plaintiff labels this mistake as "Defendants' Fabrication of a Legal Standard." Response at p.5. Plaintiff also states that "it is sheer hubris to ask a court to sanction another party, through blatant misrepresentation of precedent." Response at p.6. The undersigned counsel freely admits that the named case was miscited in two out of three times it was used, as the correct citation is <u>Worldwide Primates, Inc. v. McGreal</u>, 87 F.3d 1252 (11th Cir. 1996). The Defendants used the correct citation for one of the pinpoint cites, and curiously the Plaintiff reproduced that *correct* citation verbatim in his Response. *See* Response p.5 ("On page 6 of D.E. 41 Defendants make up a pinpoint citation to Worldwide Primates again, '[direct quote]' <u>Worldwide Primates, Inc.</u> **87 F.3d at 1254.**"(emphasis added)). Adding to the confusion, <u>Worldwide Primates, Inc. v. McGreal</u> had two unrelated appellate decisions, and plaintiff incorrectly assumes that Defendants hinge their argument on the 1994 decision; however, Defendants' argument was actually based on the 1996 decision. Unfortunately for the Plaintiff, the quotes are neither made up nor a fabrication, but binding legal precedent.

Plaintiff's counsel does make an attempt to argue against sanctions if the precedent cited did exist, but mainly attempts to insulate Plaintiff's counsel, and not the Plaintiff. The defense is more a deflection, as Plaintiff's counsel states that:

> [T]he failure to disclose, is properly blamed on the counsel in the proceeding in which the disclosure was not made. Not on the Plaintiff who relied on said counsel, nor J.H. Zidell P.A. who relied on Mary Reyes, another member of the bar, to do a reasonable inquiry into whether there were any undisclosed assets and inform the other court. Hence, the alleged failure is not on the part of the Counsel who filed the FLSA Complaint J.H. Zidell, P.A., but if it is to be found at all, it is on the part of the attorney who had a duty

to investigate assets, specifically, Ms. Reyes.

Response p.6.

This is the only mention of possible coordination between the two attorneys, as it makes a representation that J.H. Zidell P.A. relied on Mary Reyes. If that is the case, then this is more egregious, as the FLSA attorney, Zidell, knew of the Bankruptcy, but made no inquiry or even search of the docket. The Plaintiff, until now, neglected to inform the Court as to whether counsel made an inquiry to see if the Plaintiff was in bankruptcy, a subject area that a reasonable counsel may have inquired about, and is readily searchable. But if there was blind reliance on the Bankruptcy attorney, without any investigation whatsoever, then the Plaintiffs attorney must be sanctioned.   But even if any attorney for the Plaintiff is to have failed their duty, the malpractice would not be considered a defense for the Plaintiff, as "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1294 (11th Cir. 2003). Any attempt to pass the bag to other parties should be resolved between the Plaintiff and his attorneys, not the Defendants.

### C.  Plaintiff's arguments about the legal standards for fraud upon the court are inapplicable to this action.

Plaintiff, in a section entitled "The Actual Legal Standard," fails in his attempts to analogize this case with several others while searching to escape sanctions. Plaintiffs begins by stating that Defendants only "allege" perjury, despite all parties agreeing that Plaintiff should have disclosed a claim on a declaration filed under the penalty of perjury. Response at p. 6.

Irrespective of that, Plaintiff cites to caselaw the proposition that "We have consistently held that a fraud between parties is not a fraud on the court… [w]e even declared in that case that perjury does not constitute fraud on the court." It is unclear what application that has in this situation, as all of the fraudulent statements in this case were directed to the Court, and not another party. The Plaintiff continues to ignore the duty of candor that exists in a bankruptcy action. The Bankruptcy Code requires "[a] debtor seeking shelter under the bankruptcy laws [to] disclose all assets, or potential assets, to the bankruptcy court." *Burnes v. Pemco Aeroplex, Inc.*specifically includes a requirement to disclose any lawsuits. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285-88 (11th Cir. 2002); *see also Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010). The duty of candor is so critical to the administration of the bankruptcy proceedings that it does not end with the submission of the filings; the debtor has a duty to amend his or her disclosures if circumstances change. The 11th Circuit recognizes that "[f]ull and honest disclosure in a bankruptcy case is 'crucial to the effective functioning of the federal bankruptcy system.'" *Burnes*, 291 F.3d at 1286-87 (quoting *Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al.*, 81 F.3d 355, 362 (3d Cir. 1996). Plaintiff's concealment was not inadvertent, but intentional, and such intent may be inferred from the record. Id. at 1275, citing Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir.2002). It is apparent that the Plaintiff that has "fail[ed] to realize the gravitas associated with a claim of bad faith," and should be sanctioned for his concealment. Response p.7.

## **CONCLUSION**

Based on the foregoing for the reasons stated in the Defendants' Motion for Sanctions and Incorporated Memorandum of Law" [D.E. 40], Defendants' Motion for Rule 11 Sanctions Against Plaintiff and Incorporated Memorandum of Law [D.E. 41] and herein, this Court should

enter an Order granting Sanctions against the Plaintiff and Plaintiff's Counsel.

Respectfully submitted,

**ZUMPANO CASTRO, LLC**
*Counsel for Defendants*
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
Telephone: (305) 503-2990
Facsimile: (305) 774-5908
Email: Joseph.Ruiz@zumpanocastro.com

By: */s/ Joseph Ruiz*
    Joseph Rene Ruiz, Esq.
    Florida Bar No. 65732

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of April, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the below Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Joseph Ruiz*
    Joseph Rene Ruiz, Esq.

## SERVICE LIST
1:15-cv-23028 RNS

**J.H. Zidell, Esq.**
Fla. Bar No. 0010121
Email: zabogado@aol.com
**Steven C. Fraser, Esq.**
Fla. Bar No. 625825
Email: steven.fraser.esq@gmail.com
*Attorneys for Plaintiff*
J.H. ZIDELL, P.A.A
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305-865-676