IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JULIO ANTONIO SILVA and all others             CIVIL ACTION NO. 15-cv-23028-RNS
similarly situated under 29 U.S.C.
216(b),

       Plaintiff,

vs.

PRO TRANSPORT, INC., OSCAR
ACHARANDIO, TONY MENENDEZ,

       Defendants.
_____

**DEFENDANTS' RESPONSE AND INCORPORATED MEMORANDUM OF LAW AS
TO PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD OF THE
EVIDENTIARY HEARING THROUGH FURTHER TESTIMONY [D.E. 52]**

Defendants, PRO TRANSPORT, INC., OSCAR ACHARANDIO and TONY

MENENDEZ ("Defendants"), by and through undersigned counsel and pursuant to Local Rule

7.1, hereby file this Response and Incorporate Memorandum of Law as to Plaintiff's "Motion To

Supplement The Record Of The Evidentiary Hearing Through Further Testimony" [D.E. 52, the

"Motion to Supplement"], and state as follows:

## SUMMARY

Defendants' Motion for Summary Judgment on all counts of Plaintiff's Complaint (the

"Motion for Summary Judgment") [D.E. 21] was resolved on January 13, 2016 by an Order

Granting Motion for Summary Judgment (the "Order") [D.E. 38]. The Motion for Summary

Judgment also requested monetary sanctions. The Order did not rule on the monetary sanctions,

but rather stated "[i]f Defendants still wish to seek sanctions against Silva, Defendants may brief

the Court in a separate motion." Order at p.3. Defendants therefore filed two separate motions for

sanctions on January 27, 2016, titled "Defendants' Motion for Sanctions and Incorporated

Memorandum of Law" [D.E. 40] ("Sanctions Motion") and "Defendants' Motion for Rule 11 Sanctions Against Plaintiff and Incorporated Memorandum of Law" [D.E. 41] ("Rule 11 Motion") (collectively, the "Motions for Sanctions"), against both the Plaintiff and his counsel, based on the Court's inherent powers, 28 U.S.C. §1927 and Rule 11.  Plaintiff filed a consolidated Response in Opposition [D.E. 49] and Defendants filed a Reply [D.E. 50]. The Motions for Sanctions were referred to United States Magistrate Judge Alicia M. Otazo-Reyes [D.E. 42 & 47]. On April 27, 2016, Judge Otazo-Reyes ordered an *evidentiary hearing* on the Motions for Sanctions [D.E. 51], which was scheduled for May 24, 2016. The hearing proceeded as scheduled, and despite clear statements in the Motions for Sanctions that sanctions were sought from *both* the Plaintiff and his Attorneys, no attorney for the Plaintiff was brought to testify at the hearing. After the hearing, Plaintiff's attorneys then filed this Motion to Supplement to try and introduce further testimony for the Motions for Sanctions, this time from one of their attorneys. The Motion to Supplement itself further multiplies the litigation and seeks another additional hearing, for the sole purpose of introducing additional evidence that Plaintiff failed to solicit at the scheduled hearing. Additionally, despite the objective reasonableness standard of the Motions for Sanctions, Plaintiffs want to introduce evidence of the subjective intent of the attorneys. This unnecessary Motion to Supplement and its request for an additional unnecessary hearing solely due to the fact that the Plaintiff's attorneys were not prepared for the scheduled hearing is further evidence of the vexatiousness of the Plaintiff and his attorneys, and represent an unnecessary multiplication of the proceedings that must be denied.

## ARGUMENT

Plaintiff's Motion to Supplement is nothing more than an attempt by Plaintiff's attorneys to gain *additional* time to provide testimony against having sanctions imposed on the *attorneys themselves*. Although the motion is ostensibly filed on behalf of the Plaintiff, the *attorneys*

appear to be the only ones who could benefit from the request. The Plaintiff counsels' motion should be denied, because the additional time is not necessary as they already had an opportunity to present their arguments and failed to do so. Additionally, the Motion to Supplement is further evidence of Plaintiff Counsel's vexatiousness and attempts to multiply the proceedings, which are part of the bases of the Motions for Sanction, which causes the Defendants to expend additional time and money in an action that was barred prior to filing.

Plaintiff's Motion to Supplement is brief, but essentially states that "[h]ad *Plaintiff's Counsel* known that the testimony of Jamie H. Zidell [Plaintiff's Counsel], who owns the firm, was necessary, along with other attorneys on the case, then Plaintiff's Counsel would have brought Jamie H. Zidell and subpoenaed the other attorneys." Motion to Supplement ¶3 (*emphasis added*). Plaintiff's Counsel appear to concede their own error in preparation when they state that "[t]he hearing was far more focused on the actions of J.H. Zidell P.A., *than anticipated*, and it became necessary to have Jamie H. Zidell and the attorneys formally working at J.H. Zidell P.A. give testimony, none of whom were present, nor aware their presence was required." Motion to Supplement ¶2 (*emphasis added*). Plaintiff's Counsel, despite repeating the words "necessary" and "required" various times in its Motion to Supplement, fails to provide any basis why the testimony it seeks to elicit is "necessary" or "required". Plaintiff's counsel was not denied an opportunity to present these witnesses at the scheduled hearing, nor was there a time limit on testimony to be provided. There has been no change in the bases for sanctions before, during or after the hearing, so the Plaintiff's attorneys had notice of the bases for sanctions since the filing of the Motions for Sanctions. A hearing was provided to give the Plaintiff and their counsel an opportunity to respond, as required under Eleventh Circuit law. *See Amlong & Amlong. P.A. v. Denny's, lnc.* 500 F.3d 1230, 1242 (11th Cir. 2007)("an attorney threatened with sanctions under § 1927 is entitled to a **hearing."**). Plaintiff's attorneys did not avail themselves

of the opportunity to be heard. The only basis for the Plaintiff's attorneys' not to testify[1] at the hearing was their own mistake or inadvertence.

Further, the direct testimony of the Plaintiff's counsel is not necessary, as the bases for the sanctions are objective, as opposed to subjective. *See Hudson v. International Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir.2007)(citing *Amlong & Amlong*, 457 F.3d at 1190)("While an attorney's conduct must be tantamount to bad faith, 'for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct.'"); *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) ("The objective standard for testing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the pleading was submitted"). As to § 1927 sanctions, "[w]hat is crucial is whether, regardless of the attorney's subjective intentions, the conduct was unreasonable and vexatious when measured against an objective standard." *Hudson* at 1262. In fact, "[a]lthough the attorney's objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is **more likely to fall outside the bounds of acceptable conduct and therefore be unreasonabl[e] and vexatious[ ] if it is done with a malicious purpose or intent.**" *Hudson* at 1262 (internal citations omitted, emphasis added). Therefore, the subjective testimony of the "intentions and faith of these attorneys", as requested by the Plaintiff's Attorneys, should only make it more likely that they should be sanctioned, not less so. Motion to Supplement ¶4. Accordingly, the Plaintiff's counsel's testimony is neither "necessary" or "required", and as Plaintiff's attorneys failed to present this testimony at the scheduled hearing by their own fault, the Motion to Supplement must be denied.

---

[1] An attorney for the Plaintiff was present for the hearing, but he was added to this case after the sanctionable conduct and did not have personal knowledge of the facts, therefore he did not testify.

Lastly, the filing of the Motion to Supplement is further evidence of the vexatiousness by the Plaintiff's Attorneys which has further multiplied the proceedings. 28 U.S.C. §1927 states that "[a]ny attorney… who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927. This statute is one of the listed bases for the Sanctions Motion, yet, by the Plaintiff attorneys' own admission, they did not anticipate a focus to be on the attorneys, despite the fact that 28 U.S.C. §1927 does not apply to the Parties, but only to the attorneys. The Plaintiff's attorneys instead are now trying to supplement their defense to the claim that they are unreasonably multiplying the proceedings by filing an *additional* motion, which askes for *another hearing* to present testimony which may not be relevant and certainly is not required, and for the sole reason being that they did not present the testimony at the first hearing. This clearly results in a multiplication of the proceedings, as the Defendants now need to expend additional resources to respond to this motion, and may be required to attend another hearing (which apparently would be to present several other witnesses), solely because the Plaintiff's attorney failed to present evidence available to it at the original hearing. This motion and the request for additional judicial resources and Defendants' resources must be denied, and this Motion to Supplement must be viewed as a further attempt to multiply the proceedings

WHEREFORE, Defendants PRO TRANSPORT, INC., OSCAR ACHARANDIO and TONY MENENDEZ, respectfully request that the Court enter an order denying Plaintiff's Motion To Supplement The Record Of The Evidentiary Hearing Through Further Testimony" [D.E. 52], and granting such further relief as this Court may deem just, necessary and proper.

*Silva v. Pro Transport, Inc., et al.*
Case No. 1:15-cv-23028-RNS
Page | 6

Respectfully submitted,

**ZUMPANO CASTRO, LLC**
*Counsel for Defendants*
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
Telephone:  (305) 503-2990
Facsimile:  (305) 774-5908
Email: Carlos.Zumpano@ZumpanoCastro.com
Email: Joseph.Ruiz@ZumpanoCastro.com

By: */s/ Joseph Ruiz*
        Carlos A. Zumpano, Esq.
        Florida Bar No. 184240
        Joseph R. Ruiz, Esq.
        Florida Bar No. 65732

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of June 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the below Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Joseph Ruiz*
        Joseph Rene Ruiz, Esq.

## SERVICE LIST
1:15-cv-23028 RNS

**J.H. Zidell, Esq.**
Fla. Bar No. 0010121
Email: zabogado@aol.com
**Joshua H. Sheskin, Esq.**
Fla. Bar No. 93028
Email: Jsheskin.jhzidellpa@gmail.com
*Attorneys for Plaintiff*
J.H. ZIDELL, P.A.A
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766