UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-23028-RNS

JULIO ANTONIO SILVA, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                            )
             Plaintiff, )
  vs. )
                                                            )
PRO TRANSPORT, INC.; OSCAR )
ACHARANDIO; TONY MENENDEZ, )
                                                            )
             Defendants. )
_____ )

**PLAINTIFF'S REPLY TO RESPONSE TO PLAINTIFF'S MOTION TO SUPPLIMENT THE RRECORD OF THE EVIDENTIARY HEARING THROUGH FURTHER TESTIMONY**

Plaintiff, by and through Undersigned Counsel, and the Law Offices of J.H. Zidell, by and through Undersigned Counsel, hereby reply to the Defendant's Response to the Plaintiff's Motion to Supplement the Record of the Evidentiary Hearing Through Further Testimony, move that if The Court does not allow supplemental live testimony that The Court, in the alternative, accept affidavits for consideration, or limit the scope of a continued proceeding, and state as follows in support of said reply;

**Memorandum of Law, Fact and Argument**

1. J.H. Zidell P.A. was under the impression that Undersigned Counsel could be designated to represent the firm, and convey the subjective good faith basis on which the lawsuit was pursued and not only the objective reasons why good faith was the cause for pursuing the lawsuit.

2. J.H. Zidell P.A. was, therefore, unable to covey the subjective element of the analysis, which is essential to The Court coming to a decision. As Defendants quote *Hudson v. International Computer Negotiations, Inc.*, 449 F.3d 1252, 1262 (11th Cir. 2007), holding "[a]lthough the attorney's objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be unreasonabl[e] and vexatious if it is done with a malicious purpose or intent." D.E. 56 page 4. Since Undersigned Counsel was not permitted to testify as to the subjective state of mind of the attorneys in question, an important piece of the calculus is missing. The sentence that follows in the Defendants' Response is a nonsense leap that has no basis, "Therefore, the subjective testimony of the 'intentions and faith of these attorneys,' as requested by the Plaintiff's Attorneys, should only make it more likely that they should be sanctioned and not less so." D.E. 56 page 4. This assumes that the attorneys offering testimony will testify that they acted in bad faith, which they clearly will not do, or Plaintiff would not ask to have them testify.

3. The Defendants miss a key part of the analysis, and decision making regarding the hearing in question. The Order referring for report and recommendation, D.E. 47, refers only to the Rule 11 motion for sanctions (D.E. 41), not the §1927 motion (D.E. 42). Plaintiff answered both in and overabundance of caution. However, absent a ruling that the hearing would cover both, when only D.E. 41 was referred to in the order, and then only D.E. 41 was referred to in D.E. 51 which is the order setting the evidentiary hearing, the §1927 motion was not reasonably expected to be a subject of the hearing. Plaintiff's Counsel assumed §1927 was not the subject of the hearing because it was never referred for a recommendation, and even after Plaintiff briefed §1927, This Court only ordered an Evidentiary Hearing on D.E. 41 the Rule 11 Motion. See, D.E. 51. Because the hearing

went beyond the scope of the ordered hearing, the Plaintiff and His Counsel should be allowed to supplement given that only Rule 11 was ordered to be addressed at the hearing. Plaintiff, and Counsel, are not unreasonable to rely on the Docket.

4. If the Plaintiff brought a parade of lawyers to the evidentiary hearing, and had Undersigned Counsel done a direct examination of Jamie Zidell, his boss, it would have extended the evidentiary proceeding exponentially. The Court could have had an experience such as it is having now with a multi-day evidentiary hearing involving J.H. Zidell P.A. If The Court, allows only Jamie Zidell to testify, then there will be a more complete record based off of a relatively short extension of the hearing, not the multiplication of court proceedings. Limiting the scope of any proceeding is an option The Court may take to avoid prolonged proceedings, while filling in "an important piece of the calculus." Hudson, 449 F.3d at 1262.

5. If The Court decides not to allow testimony of subjective intent because defendants argue that it multiplies the litigation, which Plaintiffs in no way concede, The Court can easily remedy this issue by allowing the supplementing of the record with affidavit(s) of Counsel. Rule 43(e) of the Federal Rules of Civil Procedure clearly supports, at a minimum, allowing the submission of a supplemental affidavit,

> "Plaintiff argues that once an evidentiary hearing was held, Plaintiff's motion was no longer "based on facts not appearing of record," and reliance on the affidavits became improper. Plaintiff appears to misread Rule 43(e). The intent of the rule is to allow the record to be supplemented with affidavits, depositions, or evidentiary hearing testimony for purposes of motions. It specifically states that a matter may "be heard partly on oral testimony or deposition. Rule 43(e) (emphasis added)."

*Holmes v. Dolgencorp, Inc.*, 1999 WL 819363 (M.D. Fla. September 3, 1999).

**Wherefore;** Plaintiff, by and through Undersigned Counsel, and the Law Offices of J.H. Zidell, by and through Undersigned Counsel, hereby replied to the Defendant's Response to the Plaintiff's Motion to Supplement the Record of the Evidentiary Hearing Through Further Testimony, move that if The Court does not allow supplemental live testimony that The Court, in the alternative, accept affidavit(s) for consideration, or limit the scope of a continued proceeding.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on June 17, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

*Attorneys for Plaintiff*

By: /s/ Joshua Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028