UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-23028-RNS

| | |
|---|---|
| JULIO ANTONIO SILVA, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PRO TRANSPORT, INC.; OSCAR ACHARANDIO; TONY MENENDEZ, | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTION AND RESPONSE TO REPORT AND RECOMMENDATION**

COMES NOW Plaintiff and the undersigned counsel, and reply to [DE 63] as follows:

**MEMORANDUM OF LAW AND ARGUMENT**

Defendants still have not shown that the undersigned Counsel had a legal duty to investigate to ensure Plaintiff was being truthful on the intake form when he did not reveal the bankruptcy action.[1]  As indicated by Mr. Zidell's Affidavit, "As soon as This Firm found out about Mr. Silva's bankruptcy, Associate Counsel Elizabeth Hueber, Esq., contacted Mr. Silva, and Mr. Silva's bankruptcy counsel of record."  Mr. Zidell further states "Bankruptcy Counsel of record agreed to amend Mr. Silva's bankruptcy schedules immediately to reflect this civil case, and This Firm relied on her knowledge of bankruptcy law that such could be done."

---

[1] Defense Counsel's Response (like the R&R) is devoid of any legal authority to support the contention that said duty existed.

1

The R&R at FN11, alleges a lack of inquiry at the pre-filing stage—the R&R, *inter alia*, notes the "closeness in time between Silva's participation in the Mortgage Modification Mediation in bankruptcy court and commencement of this action, both of which occurred in August 2015." As noted in Plaintiff's summary judgment response [DE 28], "Plaintiff-employee's bankruptcy plan was confirmed on April 15, 2015, but the Chapter 13 plan remains in progress." Plaintiff's summary judgment response [DE 28] also informed this Court that "[i]n August, 2015, Plaintiff-employee saw an advertisement for the undersigned counsel's office, and elected to make another attempt to recover his past wages, which the undersigned [J.H. Zidell] filed on August 12, 2015. Plaintiff employee did not understand the necessity or importance in advising either of his counsel of the circumstances." It is important to note that Defendants' Rule 11 Letter is dated 11/17/15, and Defendants' motion for summary judgment [DE 21] was filed that same date of 11/17/15, (the motion for summary judgment stated that at such time "Plaintiff did not seek and has not sought to amend his Bankruptcy Schedules to disclose the claim, and has not otherwise disclosed the claim in the Bankruptcy Case." As noted in Plaintiff's summary judgment response [DE 28] filed on December 12, 2015, Plaintiff explained to the Court that "Plaintiff-employee is in the process of rectifying this mistake. The undersigned has communicated this issue with bankruptcy counsel for Plaintiff-employee, Mary Reyes, who has agreed to move to amend the bankruptcy schedules."

Moreover, the Magistrate's Report and Recommendation ("R&R") does not point to such a legal duty. As set forth in Mr. Zidell's Affidavit, he "acted upon the representations of the client and believed my own client, which the case law I know of

2

such as *Wolfe v. Foreman*, 128 So.3d 67 (Fla. 3rd, 2013), *Maale III v. Kirchgessner*, 2010 WL 5872267 (SD. Fla. Dec. 17, 2010), *Baron v. Fieldstone*, 581 So.2d 649 (Fla. 3rd, 2013), *Endacott v. International Hospitality, Inc.*, 910 So.2d 915 (Fla. 3rd, 2005), supports that I am entitled to do."

With respect to the citation of "*Endicott*" (properly spelled "*Endacott*") discussed by Defendants at page 8, such was actually an inadvertent citation/spelling error as such case was rather discussed by the *Maale* case.  It was actually a quotation in *Maale* that stated "There is no duty to cross examine him about his previous sworn testimony; an attorney has a right to rely on the client's testimony. *Endicott v. Int'l Hospitality, Inc.,* 920 So.2d 915, 922 (Fla 3rd DCA 2005)."  *Maale v. Kirchgessner*, 08-80131-CIV, 2010 WL 5872267, at *21 (S.D. Fla. 2010), *report and recommendation adopted in part, overruled in part*, 08-80131-CIV, 2011 WL 743040 (S.D. Fla. 2011).  Both the *Maale* and *Endacott* cases are cited in Para. 3 of the Affidavit of J.H. Zidell, Esq., where he explains why he believed he could rely on representations by Plaintiff under applicable law.

"Courts have observed that '[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation or principle.' *Allen*, 667 F.2d, at 1166; (further citations omitted)." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).  *See*, *Allen v. Zurich Ins. Co.*, 667 F.2d 1162 (4th Cir. 1982).  Consequently, the application of judicial estoppel is not an open and shut question;[2] rather it need be analyzed under the totality of the circumstances. Nevertheless, the Magistrate, notwithstanding (as set forth above) the undersigned Firm's immediate attempts to rectify the issue with bankruptcy counsel, recommended sanctions.

---

[2] The R&R incorrectly suggests that non-disclosure of a civil claim in a bankruptcy petition automatically bars said claim in civil court under all circumstances.

In the summary judgment order, this Court cited law that a litigant should not be permitted to "back-up, [and] re-open the bankruptcy case". *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002). However, *Burnes* did not involve the issue of sanctions, particularly when counsel for the plaintiff immediately attempted to rectify the situation with the bankruptcy counsel. Moreover, *Burnes* states that "[w]e recognize that these two enumerated factors are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002). Moreover, the Supreme Court has ruled that a worker's rights to overtime wages cannot be waived or abridged by contract; they are "inalienable" in the employment law context. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981). Consequently, this Court should implement a heightened scrutiny[3] in evaluating the imposition of additional sanctions, particularly when Plaintiff's claim has now already been dismissed with prejudice.

In this case, counsel for Plaintiff did not have a duty to investigate the accuracy of the Plaintiff's sign-in sheet, and attempted to rectify the situation immediately with bankruptcy counsel upon learning of the error, and this Court should take into consideration Plaintiff's "inalienable" rights to overtime and overrule the recommendation of sanctions. Defendants discuss the R&R's reference to Plaintiff's counsel's "lack of corrective action" in this case; however, as discussed, there was no duty to investigate Plaintiff's representations on the sign-in sheet, and it did not seem

---

[3] Since a plaintiff's FLSA rights cannot normally be waived, this should have been considered by the Magistrate Judge when determining bad faith on the part of the undersigned during the litigation.

appropriate that the only course of possible action was to dismiss Plaintiff's claim with prejudice. *See*, Affidavit of J.H. Zidell, Esq., Paras. 3 *et seq.* regarding Plaintiff's intake process, and the case law that supports Counsel's position that it was appropriate to rely on Plaintiff's representations.

Moreover, it is important to note that the Middle District of Florida stated that "In *Parker*, **the Eleventh Circuit questioned its prior holding in *Burnes*[4] when it stated:**

> The correct analysis here compels the conclusion that judicial estoppel should not be applied at all. Moreover, based on our analysis which follows, **it is questionable as to whether judicial estoppel was correctly applied in *Burnes*.** The more appropriate defense in the *Burnes* case was, instead, that the debtor lacked standing. 368 F.3d at 1272. Because the Eleventh Circuit in *Parker* and in the *Burnes* trilogy (*Burnes, De Leon* and *Barger*) utilized different legal doctrines to decide cases with similar facts, a threshold issue is whether that invokes the prior panel doctrine to this case.[4] While there is certainly an interrelationship between standing and judicial estoppel in these cases, the Court finds that the prior panel doctrine does not apply in this situation. Even recognizing the language in *Parker* criticizing the prior *Burnes* holding is likely dicta, it remains that the *Parker* panel and the *Burnes* panel merely applied different legal doctrines to decide cases with similar facts.

*Wheeler v. Florida Dept. of Corr.*, 3:04-CV-1147J32MCR, 2006 WL 2321114, at *4 (M.D. Fla. 2006)(emphasis added).

---

[4] Plaintiff refers to the time line discussed herein-above regarding the undersigned Firm's expeditious efforts to coordinate a resolution with Plaintiff's bankruptcy counsel, Mary Reyes. It is also noteworthy that in *Burnes*, bankruptcy in that case was filed on 7/3/97, and approximately 6 months later the EEOC filing was made. However, "[i]n October of 2000, Billups requested that his Chapter 13 bankruptcy petition be converted to a Chapter 7 case. As part of the conversion, the bankruptcy court ordered Billups to file amended or updated schedules to the Chapter 7 trustee reflecting any financial changes since he first filed schedules with the bankruptcy court. However, Billups did not report the pending lawsuit against Pemco. When he filed the amended schedules, he certified to the bankruptcy court that the schedules were true and accurate." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1284 (11th Cir. 2002). Thus, in *Burnes*, even as late as the year 2000 the pending lawsuit was not reported, notwithstanding that Billups was directed to update as needed in light of the conversion. Such is very distinguishable in light of Plaintiff's Counsel's immediate efforts in the case at bar to amend the schedules. Also, *Burnes* did not discuss *Barrentine, supra*, regarding the issue that Plaintiff's overtime rights are not waivable.

Given the fact that the Eleventh Circuit questioned itself regarding *Burnes* and its application of judicial estoppel[5] (and *Burnes* was relied on by this Court in the summary judgment order [DE 38]), the undersigned Firm believes this Court should find sanctions to be inappropriate in the case at bar, particularly as Plaintiff has suffered the ultimate sanction in relation to dismissal of his claim with prejudice.

Defendants (on Page 3) erroneously claim Plaintiff did not address specific objections in the Objection and Response, however the following were specifically included in the Objection and Response and are set forth again in the following graph format to clarify:

|   | R&R Finding | Objection. |
|---|---|---|
| 1) | At page 14, it was unreasonable and vexatious for Zidell to file the action, and the intake form requesting identification of other suits is a "poor excuse", and Zidell's conduct occurred at the inception of the case. | Plaintiff objects to this for all of the reasons set forth *supra* and *infra* in that Plaintiff's counsel did not engage in bad faith or vexatious conduct, and Counsel did not have a legal duty to investigate to ensure Plaintiff was being truthful on the intake form when he did not reveal the bankruptcy action, and after being specifically asked to disclose all pending cases. |
| 2) | At FN 11, the | However, the |

---

[5] Once again, the R&R mistakenly implies that judicial estoppel was inevitable in this case.

6

| | | | |
|---|---|---|---|
| | | statement of claim sought overtime wages from 11/13/12-8/12/15, even though Plaintiff's employment ended on 11/13/13. | undersigned objects to this finding, as the undersigned Firm filed an Amended Statement of Claim [DE 11] on 9/17/15 which corrected such date to reflect an ending date of 11/13/13.[6] Moreover, it does not appear that either of Defendants' motions for sanctions [DE Nos. 40 and 41] or their Rule 11 letter ever raised such issue at all. Thus, it appears that the Magistrate raises this issue *sua sponte* (as indicated in FN 11 of the R&R the Plaintiff's previous counsel's demand letter is referenced)— without giving the undersigned notice to respond to same. |
| | 3) | At FN 11, Plaintiff's participation in the Mortgage Modification Mediation in bankruptcy court and the filing of the instant action both occurred in August 2015. | Notwithstanding the "closeness in time" referenced by the Magistrate, Plaintiff's Counsel objects to this for all of the reasons set forth *supra* and *infra* in that Plaintiff's counsel did not engage in |

---

[6]The undersigned Firm and Counsel quickly corrected the statement of claim upon learning of the error.

| | | |
|---|---|---|
| | | bad faith or vexatious conduct, and Counsel did not have a legal duty to investigate to ensure Plaintiff was being truthful on the intake form when he did not reveal the bankruptcy action. |
| 4) | At Page 16, the Magistrate cites to Rule 11 about the need for some pre-filing inquiry. | However, the undersigned objects stating that Counsel did not have a legal duty to investigate to ensure Plaintiff was being truthful on the intake form when he did not reveal the bankruptcy action. |

Defendants also argue that the Plaintiff did not have the record transcribed. However, Defendants fail to point to any law as to why Plaintiff's citation to the Affidavit of J.H. Zidell, Esq., and the facts set forth in the R&R, are not sufficient. Defendants neither cite to authority as to why such evidence is not sufficient, nor do they explain why the R&R's acknowledgement of various facts is not sufficient record evidence. Defendants argue at Page 5 that Plaintiff cites no record evidence regarding good faith, however, the Affidavit of J.H. Zidell, Esq. has been filed in the record, and the R&R acknowledges various facts.

For example, see Paras. 3, 4, 5, 6, 7, 8, 9, 10 of the Affidavit of J.H. Zidell, Esq., wherein Counsel for Plaintiff explains Counsel's understanding under prevailing law that there was no duty to investigate the Plaintiff's representations on the sign-in sheet, efforts made to remedy the bankruptcy filings, a belief that judicial estoppels is a "discretionary

remedy" *etc*.  Consequently, Defendants erroneously argue that Plaintiff's counsel claims no duty for the first time in the Objection.  Neither the R&R nor the Defendants have set forth case law that states the sign-in sheet questionnaire used by the undersigned Firm is not sufficient (let alone so egregious to justify sanctions).

On Page 9 of Defendants' Response, they reference Plaintiff's opposition to the Defendants' Motion to stay this action, and the Magistrate at FN12 rejected Plaintiff's arguments (as hollow, self-serving and illogical) regarding the scheduling order and the discretionary nature of judicial estoppel analysis.  However, the undersigned objects to this finding, and it was not raised specifically in either of Defendants' sanctions motions, thereby depriving the undersigned an opportunity to respond in writing before the evidentiary hearing occurred.  Also, Plaintiff attached to his Objection an Order from *Collar v. Abalux, Inc.*, 16-20872-Civ-Lenard, (S.D. Fla. 7/18/16)(motions for stays are "highly disfavored");[7] therefore it was reasonable for the undersigned to believe it was unlikely a stay would be granted.  The opposition to the motion to stay was clearly not vexatious and not done in a bad faith.  Had the Court denied the Motion to stay, discovery would have been forfeited to Plaintiff's detriment.  At FN12, the Magistrate claims that this action was not even able to be brought under Eleventh Circuit case law[8] (however FN12 cites no cases regarding same).  As stated in the Objection, many Judges in this District are draconian regarding enforcement of deadlines in scheduling orders— especially for FLSA cases.  *See* Orders attached to the Objection from *Garcia v. Luis Innovation*, 15-24664-Civ-Cooke, at 4 (S.D. Fla. 1/6/16)(extensions require "extreme of

---

[7] Also *see Williford v. Armstrong World Ind.,*715 F.2d 124 (4th Cir. 1983), *quoting Landis v. North Am. Company*, 299 US 248 (1936).
[8] In fact, as the Court acknowledges in the summary judgment order, dismissal is a discretionary remedy for this issue—not mandatory.

compelling circumstance); *Collar v. Abalux, Inc.*, 16-20872-Civ-Lenard, (S.D. Fla. 7/18/16)(extensions "highly disfavored"). Also, in the case at bar at [DE 6] page 2, this Court contemplated an "expedited case track".

    WHEREFORE, PLAINTIFF OBJECTS TO THE MAGISTRATE'S RULING [DE 61], AND REQUESTS THE DISTRICT JUDGE TO REJECT THE RULING AND FIND THAT SANCTIONS SHOULD NOT BE AWARDED AGAINST PLAINTIFF AND/OR PLAINTIFF'S COUNSEL, AND FOR THE COURT TO SUSTAIN ALL OF THE OBJECTIONS STATED HEREIN.

**Respectfully submitted,**

**J.H. ZIDELL, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: ZABOGADO@AOL.COM**
**F.B.N. 10121**
**BY:____/s/ J.H. ZIDELL_____**
**J.H. ZIDELL, ESQ.**

<u>**CERTIFICATE OF SERVICE:**</u>

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT _9/28/16_VIA CM/ECF TO:**

**ALL CM/ECF RECIPIENTS**

**ZUMPANO CASTRO, LLC**
**COUNSEL FOR DEFENDANTS**
**500 SOUTH DIXIE HIGHWAY, SUITE 302**
**CORAL GABLES, FLORIDA 33146**
**(305) 503-2990**

**BY:_____/s/ J.H. ZIDELL_____**
**J.H. ZIDELL, ESQ.**
