IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JULIO ANTONIO SILVA and all others similarly situated under 29 U.S.C. 216(b),<br><br>          Plaintiff,<br><br>vs.<br><br>PRO TRANSPORT, INC., OSCAR ACHARANDIO, TONY MENENDEZ,<br><br>          Defendants. | CIVIL ACTION NO. 15-cv-23028-RNS |

**DEFENDANTS' RESPONSE AND INCORPORATED MEMORANDUM OF LAW AS TO PLAINTIFF'S OBJECTION AND RESPONSE IN OPPOSITION TO STATEMENT OF REASONABLE FEES AND COSTS [D.E. 72] AND SUPPLEMENTAL STATEMENT OF REASONABLE FEES**

Defendants, PRO TRANSPORT, INC., OSCAR ACHARANDIO and TONY MENENDEZ ("Defendants"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure, hereby file this Response and Incorporated Memorandum of Law as to Plaintiff's Objection and "Response in Opposition to Defendants' Statement of Reasonable Fees and Costs" [D.E. 72] (the "Objection") and a Supplemental Statement Of Reasonable Fees, and state as follows:

**SUMMARY**

As the Court is well aware of, United States Magistrate Judge Alicia M. Otazo-Reyes issued a well-reasoned, complete and comprehensive Report and Recommendation (the "Report") [D.E. 61] finding sanctions "in the <u>entire amount</u> of reasonable attorney's fees incurred by [Defendants] in this action" to be appropriate against Plaintiff and his counsel. Report p. 16 & 17 (emphasis added). The Court agreed and issued the "Order Adopting Magistrate's Report and

Recommendation**"**[D.E. 65] (the "Order Adopting Report"). Defendants, as ordered in the Report, submitted a Statement of Reasonable Fees (the "Statement"). Despite several failed attempts to fight the sanctions finding and the ruling on the Motion for Summary Judgment that preceded it, the Plaintiff[1] continues to multiply the proceedings by rearguing that the rulings are erroneous. The latest vehicle for the Plaintiff to try those same losing arguments is the "Response in Opposition to Defendants' Statement of Reasonable Fees and Costs" [D.E. 72] (the "Objection"), whereby the Plaintiff regurgitates the same arguments, but this time in an attempt to reduce the Defendants' reasonable attorneys' fees. The Objection is not founded on fact or law, and therefore the entire reasonable amount of attorneys' fees, as listed in the Statement, should be adopted and awarded to the Defendants. Additionally, the supplemental fees, listed herein, should also be awarded to the Defendants.

## ARGUMENT

Despite providing little or no support, Plaintiff's arguments in opposition to the Statement are segregated into two parts. Initially, Plaintiff repeats arguments that were already decided in an attempt to claim that the Defendants were not entitled to the full measure of reasonable attorneys' fees already awarded. Next, the Plaintiff claims to make "specific" arguments to individual time entries, but instead makes the same unfounded objections repeatedly in an attempt to reduce or eliminate <u>every single time entry</u> made by Plaintiffs. Both of the arguments are preposterous, and are clearly another vexatious attempt to reduce Plaintiff's already determined liability.

---

[1] It is stated in the Objection that the Plaintiff himself is "judgment proof", therefore it is expected that the Attorney for the Plaintiff is the likely the party will be responsible for the sanction in full. The Objection is filed on behalf of the "Plaintiff and his Counsel", but does not distinguish in the body which one is making specific objections. Accordingly, Defendants will use "Plaintiff" to refer jointly to Plaintiff and Plaintiff's attorney.

### A. The Court has already determined that the sanction will be equal to the entire amount of Defendants' reasonable attorney's fees.

Plaintiff's Objection, once again, ignores the existing findings and orders issued by this court. In the Report, a clear and unambiguous ruling is made that the sanction against Plaintiff and his counsel shall be "in the entire amount of reasonable attorney's fees incurred by [Defendants] in this action." Report p. 16 & 17. Plaintiff, in the first argument of the Objection, ignores this completely, and instead argues that the fees should be reduced by two thirds of the total reasonable amount. *See* Objection. The only support given for this proposition is *Riccard v. Prudential Ins.* Co., 307 F.3d 1277 (11th Cir. 2002), although *Riccard* does not stand for any such blanket reduction in fees. In *Riccard,* an appellate court merely upholds a sanction of $10,000 issued by the district court as reasonable, and in doing so notes that "ten thousand dollars represents only about one-third of the amount of attorney's fees Prudential incurred in defending the Rule 11 motion" *Id. at 1295*-6. Despite this comment being an aside in the holding, Plaintiff seized this as reason to cut two thirds off of the reasonable fees that were already granted in full. This requested reduction is not based on existing law and has no merit, and therefore must be denied.

The Plaintiff then goes on to re-argue settled points once again. Despite the Plaintiff stating that "the undersigned wants to avoid re-arguing the objections to the Report and Recommendation, filed on 9/9/16 [DE 62]…", the Plaintiff goes on to do exactly that for the bulk of the next three pages. Objection p.3-5. The Plaintiff uses this argument only so that the court will consider them as "mitigating circumstances when deciding the amount of fees." Objection p.5. Again, the Court has already ruled for a sanction "in the <u>entire amount</u> of reasonable attorney's fees incurred by [Defendants] in this action." Report p. 16 & 17. Plaintiff has not made any legal argument as to why this ruling should be changed. Although the Plaintiff

again claims that "[t]he R&R is in error", Plaintiff has had every opportunity to appeal those rulings, but has chosen not to. Objection p.5. Therefore, it's arguments for reducing the amount of the attorneys' fees for the "mitigating circumstances" must be summarily denied.

Further, it should be noted that while Plaintiff only analyzes and refers to Rule 11 Sanctions, the Report also awarded sanctions based on section 1927, for which Plaintiff would continue to be responsible for even if the Rule 11 Sanctions were improper.

**B. The Defendants' detailed time entries are reasonable and Plaintiff's "specific" objections to each time entry have no merit.**

Plaintiff has also raised objections to the specific billing entries in the billing statements attached to the Statement. Plaintiff has unabashedly attempted to reduce or eliminate <u>each and every time entry</u> attached to the Statement by making "specific" objections, which are clearly an attempt to avoid liability and should be denied. The Plaintiff appears to object to the reasonableness of the time entries with its "specific objections," without actually stating that they challenged the reasonableness. The specificity of the objections is also laughable, as the "specific" objections only amount to about three phrases repeated over and over again, namely "excessive", "block billing" and "multiple attorney duplication". *See* Objection. None of these objections have any support in fact or law, and as Defendants have provided an expert that opines as to the reasonableness of the fees, the objections must be denied.

The Plaintiff is also so brazen that while he does not specifically object to every single time entry, only the entries that he objects to are counted towards the Plaintiff's total estimate of 88.3 compensable hours. *See* Objection. Therefore, if the Plaintiff did not specifically object to the time record, he instead discounted it completely, giving it no consideration. Not surprisingly, for each entry that Plaintiff objects to, the "suggested reasonable amount" of time that Plaintiff recommends is a large reduction or complete elimination of the actual time from the Statement.

*See* Objection Therefore, according to the Plaintiff, there was not one reasonable time entry by Defendant's counsel. This assertion is false and inflammatory to the Defendants' counsel. As the Defendants did not enter into any sort of contingency arrangement with their attorneys, Defendants received monthly statements with the amounts owed and paid those outstanding amounts. Defendants have in fact already paid for the entire amount of reasonable fees sought in this action, less about $250 from the supplemental request for fees below. Defendants have already provided, as part of the Statement, an independent attorney who attested to the reasonableness of the fees, while the Plaintiff and his attorney only provide self-serving blanket objections in an attempt to avoid liability. Accordingly, the objections must be denied.

    a.   <u>Reasonable Expenditure Of Time.</u>

Plaintiff fails to give any support to the main "specific" objection used to reduce the Defendant's time entries, which Plaintiff labels as "excessive." This objection, used on its own or in conjunction with another objection, serves no other purpose than to attempt to reduce the Plaintiff and his attorneys' liability. The Plaintiff fails to give any detail about his claims that any single entry is excessive. Plaintiff also fails to cite any caselaw defining what makes an entry "excessive," nor does he spend any time in his memorandum explaining what "excessive" means. Nevertheless, Plaintiff uses this objection as the primary method to reduce the attorneys' fees. Plaintiff goes as far as recommending that 0.3 hour time entries are excessive, and recommends reducing those entries to 0.2 hours each. These entries do not appear to be "excessive" under any definition of the term, yet the Plaintiff uses the objection liberally. Accordingly, all of the arbitrary reductions cloaked in the vague and unsupported objection of being "excessive" must be denied.

b. <u>The Hourly Entries Clearly Describe The Activities.</u>

Plaintiff also attempts to object to the Defendants' billing based on the claim that Defendants' Counsel engaged in block billing. Defendant's attempt to lump several entries into a block billing category are unfounded. Said entries contain sufficient descriptions of the tasks performed and should not be labeled as block billing. Plaintiff's only legal support for the block billing here involves a case where attorneys' fees where reduced for hours spent defending a separate, non-compensable counterclaim. In the instant action, however, there are no separate claims, so the case is inapplicable.

Here, "the mere fact that an attorney has included more than one task in a single billing entry is not, in itself, evidence of block-billing. When those tasks are intertwined, including a thorough description of the activities performed clarifies, rather than obscures, the record." *Williams v. R.W. Cannon, Inc.,* 657 F. Supp. 2d 1302, 1312 (S.D. Fla. 2009). As an example of the unfounded nature of Plaintiff's block billing objection, Plaintiff's very first "specific" objection states that an entry on September 2, 2015, needs to be reduced from 0.2 hours to 0.1 hours due to block billing, even though the detail for the entry reads "[e]xchange email with co-counsel regarding response to complaint." *See* Objection. It is unclear why Plaintiff believes that this entry needs to be reduced from as little as seven minutes (0.2 hours) to six minutes (0.1 hours), but an objection for block billing is clearly not warranted in this situation or any of the others. Again, Plaintiff is using the "block billing" objection as another self-serving method to reduce the attorneys' fees he would be responsible for, without any support. Accordingly, the Plaintiff's objections to the Statement of Costs must be denied.

c. <u>Each Attorney On The File Made Independent Contributions.</u>

Plaintiff's other general objection is multiple attorney duplication. As the Plaintiff states three times in the Objection, there is nothing inherently unreasonable about a client having

multiple attorneys, as long as it reflects the distinct contribution of each lawyer. Objection p.18-20. Plaintiff also ignores the fact utilizing associates reduces the overall hourly billing rate. As one District Court stated, "it is customary for senior partners to supervise and review the work product of more junior attorneys, and indeed, such delegation is often considered a measure of sound billing judgment, by permitting less experienced—and less costly—lawyers to perform, under supervision, work that could not responsibly be assigned to such lawyers without supervision." *Imbeault v. Rick's Cabaret International, Inc.*, 2009 WL 2482134 (SDNY, 2009). The work performed in the present case was necessary and often supervised by lead counsel. Said supervision did not increase the fee request, but rather, decreased the fee request as the associate attorneys working on the case charged a lower hourly rate.

It should be noted that Plaintiff does not challenge the hourly rates charged by Defendants' attorneys, for if said rates were challenged, Plaintiff would be required to submit to the Court the hourly rates charged by their attorneys, as "[i]f a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate." S.D.L.R. 7.3. Nevertheless, should the Court deem it proper, Defendants' Counsel requests that not only should Plaintiff's attorneys provide the Court with their hourly rates, but, in fact, Plaintiff's attorneys should be required to submit their fee ledger, or at the very least, provide the Court with an affidavit of the hourly rates charged by their attorneys and the total amount of work performed on the case. It is believed, that when comparing the fees charged by both parties, it will be evident that the fees charged by Defendants' counsel are very reasonable.

## SUPPLEMENTAL FEE REQUEST

"Fees on fees are compensable in this Circuit." *Norelus v. Denny's Inc.* 628 F.3d 1270, 1301 (11th Cir. 2010). From October 1, 2016 through December 31, 2016, the Law Firm has

billed Defendants an additional $7,241.21 in Attorneys' fees in the defense of this Action, which was not included in the Statement of Fees. The invoices for that amount are attached to this document as Exhibit A. The Law Firm has recovered or expects to recover these fees and costs in full in connection with its regular and typical billing policies and procedures. Therefore, an additional $7,241.21 is requested in fees to be added to the amount in the Statement accordingly[2].

## CONCLUSION

As the Objection reargues positions that have been rejected by the Court and the specific objections fail to raise any material issues, the Court should deny the Objection and grant the Defendants the all sums expended in this action as stated in the Statement and the Supplemental Fee request above.

WHEREFORE, Defendants PRO TRANSPORT, INC., OSCAR ACHARANDIO and TONY MENENDEZ, respectfully request that the Court enter an order Denying the Response in Opposition to Defendants' Statement of Reasonable Fees and Costs [D.E. 72], and awarding sanctions in the amount detailed in the Defendants' Statement of Reasonable Fees and Costs [D.E. 69] and the Supplemental Fee Request herein, and granting such further relief as this Court may deem just, necessary and proper.

---

[2] A separate statement of fees has not been filed for this supplemental fee request for judicial economy purposes as doing so could continue without end. For example, If a supplemental fee motion was to be filed and a response thereto, then a reply would be filed again with a supplemental fee motion which would be never-ending. Therefore, the undersigned respectfully requests that the Court allow this supplemental fee request without a formal motion being filed under Local Rule 7.3. If the Court disagrees, then an enlargement of time is requested for the supplemental fee statement to be filed.

Respectfully submitted,

**ZUMPANO CASTRO, LLC**
*Counsel for Defendants*
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
Telephone: (305) 503-2990
Facsimile: (305) 774-5908
Email: Carlos.Zumpano@ZumpanoCastro.com
Email: Joseph.Ruiz@ZumpanoCastro.com

By: */s/ Joseph Ruiz*
    Carlos A. Zumpano, Esq.
    Florida Bar No. 184240
    Joseph R. Ruiz, Esq.
    Florida Bar No. 65732

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of January 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the below Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Joseph Ruiz*
    Joseph Rene Ruiz, Esq.

## SERVICE LIST
1:15-cv-23028 RNS

**J.H. Zidell, Esq.**
Fla. Bar No. 0010121
Email: zabogado@aol.com
**Joshua H. Sheskin, Esq.**
Fla. Bar No. 93028
Email: Jsheskin.jhzidellpa@gmail.com
*Attorneys for Plaintiff*
J.H. ZIDELL, P.A.A
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766