UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:15-23028-RNS

JULIO ANTONIO SILVA, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                     )
              Plaintiff, )
vs. )
                                                     )
PRO TRANSPORT, INC.; OSCAR )
ACHARANDIO; TONY MENENDEZ, )
                                                     )
              Defendants. )
_____ )

**PLAINTIFF'S AND COUNSEL'S RESPONSE IN OPPOSITION TO
DEFENDANTS' SUPPLEMENTAL STATEMENT
OF REASONABLE FEES [DE 73]**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff and Counsel Oppose [DE 73] as follows:

**MEMORANDUM OF LAW**

I. <u>Discussion</u>.

The Court allowed this Response in an Order on Motion to Strike [DE 78]. "A sanction imposed for a violation of Rule 11 must be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(2). *See Donaldson v. Clark,* 819 F.2d 1551, 1557 (11th Cir.1987). When imposing sanctions, the district court must describe the conduct determined to constitute a violation of the rule and explain the basis for the sanction imposed. *See* Fed.R.Civ.P. 11(c)(3)." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002). Consequently, in light of *Riccard supra*, the Court should focus on what it believes will deter future conduct it considers sanctionable, as opposed to ensuring

Defendants are paid every dollar of reasonably compensable attorney time. To further illustrate, in *Randall Champions, infra,* the district court stated that "a party in whose favor Rule 11 sanctions is awarded is **not automatically entitled thereby to the full measure of reasonable** fees **and costs incurred**. To the contrary, Rule 11 sanctions must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include ... an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Rule 11(c)(4), Fed.R.Civ.P.; *see also Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1295–96 (11th Cir.2002) (affirming monetary sanction that represented **"only about one-third of the amount of attorney's fees"** incurred by movant because of non-movant's violative conduct)."[1] *Johnson v. Randall Champions*, CIV.A. 12-0334-WS-M, 2014 WL 2204296, at *1 (S.D. Ala. May 28, 2014)(emphasis added). The "primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, **not to compensate the opposing party for all of its costs in defending**." *Kirk Capital Corp. v. Bailey,* 16 F.3d 1485, 1490 (8th Cir.1994)." *Cargile v. Viacom Intern., Inc.*, 282 F. Supp. 2d 1316, 1320 (N.D. Fla. 2003).

II. <u>Specific Challenges to Billing Entries and Billing Rate</u>.

As discussed below, Plaintiff and Counsel request that no supplemental fees be awarded; however, the following objections are made in the below chart.

| Date | Time Entry | Objection. | Suggested reasonable amount |
|---|---|---|---|
| 10/19/16 | .2 | Excessive and | .1 |

---

[1] Plaintiff and Counsel respectfully request that the Court award no more than 1/3 the amount that is determined to be a reasonable fee, if any supplemental fees are awarded at all.

|          |      |                                                                                                      |      |
|----------|------|------------------------------------------------------------------------------------------------------|------|
|          |      | vague.                                                                                               |      |
| 10/30/16 | 2.3  | Excessive and vague.                                                                                 | .7   |
| 10/31/16 | 4.3  | Excessive and vague, duplicative work with other attorney. Block billing.                            | 1.4  |
| 10/31/16 | .4   | Excessive and vague, duplicative work with other attorney.                                           | .2   |
| 10/31/16 | 2.5  | Excessive and vague, duplicative work with other attorney, block billing.                            | .8   |
| 9/30/16  | Cost | $88.78 research charge not shown recoverable in Motion under 28 USC 1920.                            | $0   |
| 11/4/16  | 2.9  | Excessive, duplicative work with other attorney. Block billing.                                      | .9   |
| 11/4/16  | .6   | Excessive. Block billing. Vague as to correspondence.                                                | .2   |
| 11/7/16  | 1.9  | Excessive, block billing. Vague as to communications and research.                                   | .6   |
| 11/15/16 | 2.6  | Block billing, vague as to research.                                                                 | .8   |
| 11/21/16 | .9   | Excessive, duplicative work with other attorney. Block billing.                                      | .3   |
| 11/21/16 | 6.6  | Excessive, duplicative work with other attorney. Block billing.                                      | 2.1  |

| | | | |
|---|---|---|---|
| 11/30/16 | 1.2 | Excessive, duplicative work with other attorney. Block billing. | .4 |
| 12/5/16 | .9 | Excessive, duplicative work with other attorney. Block billing. | .3 |
| 12/12/16 | 1.0 | Excessive, block billing. | .3 |
| 12/23/16 | .5 | Excessive, duplicative work with other attorney. Block billing. | .2 |
| 12/27/16 | .4 | Excessive, duplicative work with other attorney. Block billing. | .2 |
| | | | IF ANY SUPPLEMENTAL FEES ARE AWARDED, THE TOTAL COMPENSIBLE HOURS SHOULD BE REDUCED TO A TOTAL OF NO MORE THAN 9.5 *HOURS* BEFORE FURTHER REDUCTIONS. Costs should not be awarded at all, as the above are not recoverable under 28 USC 1920.[2] |

In light of *Riccard supra*, the Court should focus on what it believes will deter future conduct it considers sanctionable, as opposed to ensuring Defendants are paid every dollar of reasonably compensable attorney time. Under case law such as *Randall*

---

[2] Moreover, Defendants costs (and fees) were initially filed untimely and violated local rule 7.3 pursuant to the law cited in Plaintiff's motion to strike filed on 11/4/16.

*Champions, supra,* the district court should not automatically find entitlement to a full measure of reasonable fees and costs incurred.  The instant matter does not concern litigation a of a prevailing party fee motion, where case law such as *Norelus v. Denny's Inc.,* 628 F.3d 1270, 1280–81 (11th Cir.2010) can justify fees on fees.  The instant matter rather concerns sanctions, and therefore Plaintiff and Counsel request that no supplemental fees be awarded.  As set forth in Plaintiff's Chart (which sets forth objections as to Defendants' billing entries), defense counsel has utilized, *inter alia*, excessive and block billing, and the fees sought should be reduced to no more than 9.5 hours at a blended rate of $235 per hour.[3]  Also **$0 should be awarded for costs**, as the costs set forth in the above Chart are not recoverable under 28 USC 1920.  Consequently, if the Court awards any supplemental fees at all, the reasonable amount awarded should be no more than $2,232.50; and thereafter such amount should be reduced by 2/3, **for a total of $736.72**.  *See Riccard, supra,* 307 F.3d 1277, 1295–96 (11th Cir.2002) (affirming monetary sanction that represented **"only about one-third of the amount of attorney's fees"** incurred by movant because of non-movant's violative conduct).

   WHEREFORE THE PLAINTIFF AND COUNSEL REQUEST THE COURT NOT AWARD ANY SUPPLEMENTAL FEES, OR ALTERNATIVELY REDUCE THE REQUESTED SUPPLEMENTAL FEES AS STATED ABOVE; AND ALSO REDUCE THE FEES SOUGHT BY DEFENDANTS AS SET FORTH IN PLAINTIFF'S AND COUNSEL'S PREVIOUSLY FILED RESPONSE IN OPPOSITION [DE 72] TO THE STATEMENT OF REASONABLE FEES.

---

[3] Such averages the rates in Defendants' billing records filed supplementally:  $260 and $210.

**Respectfully submitted,**

**J.H. ZIDELL, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: ZABOGADO@AOL.COM**
**F.B.N. 10121**
**BY:____/s/ J.H. ZIDELL_____**
**J.H. ZIDELL, ESQ.**

**<u>CERTIFICATE OF SERVICE</u>:**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT 2/21/17 VIA CM/ECF TO:**

**ALL CM/ECF RECIPIENTS**

**ZUMPANO CASTRO, LLC**
**COUNSEL FOR DEFENDANTS**
**500 SOUTH DIXIE HIGHWAY, SUITE 302**
**CORAL GABLES, FLORIDA 33146**
**(305) 503-2990**

**BY:_____/s/ J.H. ZIDELL _____**
**J.H. ZIDELL, ESQ.**