# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 15-23028-CIV-SCOLA/OTAZO-REYES

JULIO ANTONIO SILVA and
all others similarly situated
under 29 U.S.C. 216(b),

      Plaintiff,

v.

PRO TRANSPORT, INC.,
OSCAR ACHARANDIO, and
TONY MENENDEZ,

      Defendants.

_____/

## REPORT AND RECOMMENDATION RE: FEES AND COSTS

THIS CAUSE came before the Court upon Defendants Pro Transport, Inc. ("Pro Transport"), Oscar Acharandio ("Acharandio"), and Tony Menendez's ("Menendez") (collectively, "Defendants") Statement of Reasonable Fees and Costs (hereafter, "Statement") [D.E. 66]. For the reasons stated below, the undersigned respectfully recommends that Defendants be awarded $45,984.80 as fees and $254.34 in costs, for a total award of $46,239.14.

## PROCEDURAL BACKGROUND

Defendants' Sanctions Motions [D.E. 40 & 41] were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 42 & 47]. The undersigned held an evidentiary hearing on these matters on May 24, 2016 [D.E. 53].

On August 29, 2016, the undersigned issued a Report and Recommendation recommending that Defendants' Motions for Sanctions be granted; sanctions be awarded to

Defendants against Plaintiff Julio Antonio Silva ("Plaintiff") and Plaintiff's counsel, jointly and severally in the entire amount of reasonable attorney's fees and costs incurred by them in this action; and that the "Defendants be DIRECTED to submit their statement of reasonable fees and costs." See Report and Recommendation [D.E. 61 at 16-17]. On September 30, 2016, the Court affirmed and adopted the Report and Recommendation. See Order Adopting Magistrate's Report and Recommendation [D.E. 65 at 3].

## DISCUSSION

### 1. Defendants' request

In their Statement, Defendants request an award of fees in the amount of $62,368.57, representing approximately 307.8 hours of attorney time billed at rates ranging from $195.00 per hour for an associate to $260.00 per hour for a partner. See Statement [D.E. 66 at 2]. In support of their request, Defendants submitted a Declaration of Reasonableness by Alan Geffin, Esq., (hereafter, "Geffin Declaration") who recommended a deduction of $1,553.00 for duplication and opined that "a total fee of $60,815.57 and 307.8 hours at rates from $195.00 an hour for an Associate to $260.00 an hour for a Partner . . . is reasonable." See Geffin Declaration [D.E. 66-2 at 3]. Defendants also seek to recover $7,241.21 for the time spent in litigating the fee amount [D.E. 73 at 7-8].[1]

### 2. Plaintiff's objections

Plaintiff challenges numerous time entries on grounds of excessive billing, block billing, multiple attorney duplication, and vague description. See Plaintiff's Response in Opposition to Statement [D.E. 72 at 5-15]. Plaintiff also challenges various items of costs for research and parking as not recoverable under 28 U.S.C. § 1920. Id. at 10-11, 13-14. Thus, Plaintiff asks that

---

[1] The undersigned notes that Defendants' fee request already includes the hours spent litigating the Sanctions Motions [D.E. 66-1 at 22-36].

the fee award be limited to $19,779.20, based on 88.3 compensable hours at a blended rate of $224 per hour; and that no costs be awarded. Id. at 15. Plaintiff further asks that this award be reduced by two-thirds for a total of $6,593.06. Id. at 15-16.

### 3. *The requested hourly rates are reasonable*

Initially, the undersigned notes that Plaintiff computed the proposed $224 blended hourly rate by averaging the rates reflected in Defendants' billing records of $250, $195, $205, $260 and $210 per hour. Id. at 15 n.12. Given this reliance, the undersigned concludes that Plaintiff does not object to Defendants' hourly rates. The undersigned also notes Alan Geffin, Esq.'s opinion that "rates from $195.00 an hour for an Associate to $260.00 an hour for a Partner . . . [are] reasonable." See Geffin Declaration [D.E. 66-2 at 3]. Finally, the undersigned finds the rates to be reasonable. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (The Court itself is an expert on the reasonableness of a fee request and may consider its own knowledge and experience and form an independent judgment either with or without witnesses.).

### 4. *The requested hours are excessive*

As noted above, Plaintiff challenges numerous time entries on grounds of excessive billing, block billing, multiple attorney duplication, and vague description. Applying her own expertise, the undersigned finds that the 307.8 hours of attorney time claimed by Defendants is excessive. Norman, 836 F.2d at 1303. However, rather than engaging in such hour-by-hour analysis, the undersigned finds it appropriate to reduce the lodestar hours by one-third to 205.2. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). Accordingly, the undersigned respectfully recommends that Defendants be awarded fees in the amount of $45,984.80, computed by multiplying the adjusted lodestar hours of 205.2 times the blended rate of $224 per

hour.

### 5. *Costs*

As noted above, Plaintiff objects to a cost award on the grounds that costs for research and parking are not recoverable under 28 U.S.C. § 1920. However, because Defendants' costs recovery here is pursuant to the Court's granting the Sanctions Motions, the limitations of Section 1920 are not applicable. Dial HD, Inc. v. Clearone Commc'ns, Inc., No. CV 109-100, 2012 WL 12898013, at *7 (S.D. Ga. Dec. 26, 2012) Hence, Defendants may recover the costs shown in the invoices that are attached to the Statement and total $254.34 [D.E. 66-1 at 17, 20, 22, 23, 30, 32, 33].

### 6. *Additional fee request*

As noted above, Defendants seek to recover fees in the amount of $7,241.21 for the time spent litigating the fee amount. Defendants' original fee request already included the hours spent litigating the Sanctions Motions. The undersigned finds that the above-determined fee award is an appropriate and sufficient recovery in connection with the Sanctions Motions.

## <u>CONCLUSION</u>

Based on the foregoing considerations it is **RESPECTFULLY RECOMMENDED** that Defendants be AWARDED the sum of $45,984.80 as fees and $254.34 in costs, for a total award of $46,239.14 in connection with the Sanctions Motions, to be paid by Plaintiff and Plaintiff's counsel, jointly and severally.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have <u>fourteen</u> days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Robert N. Scola, Jr., United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp.

v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida on this 26th day of April, 2017.


ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE


cc:    United States District Judge Robert N. Scola, Jr.
        Counsel of Record