United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Julio Antonio Silva, and others, Plaintiffs | ) ) ) |
| v. | ) ) Civil Action No. 15-23028-Civ-Scola |
| Pro Transport, Inc., and others, Defendants | ) ) ) |

**Order Adopting and Modifying Magistrate's Report and Recommendation**

The Court referred this matter to United States Magistrate Judge Alicia M. Otazo-Reyes for a report and recommendation on the Defendants' statement of reasonable fees and costs (ECF No. 66) and the Plaintiff's motion to strike the Defendants' statement (ECF No. 67). (Order, ECF No. 70.) After extensive briefing, Judge Otazo-Reyes issued a report recommending that the Defendants be awarded the sum of $45,984.80 as fees and $254.34 in costs, for a total award of $46,239.14. (Report #2, ECF No. 80.) The Plaintiff, Julio Antonio Silva, filed Objections to the Report. (Objections, ECF No. 81.) In addition, Silva filed a motion to stay this Court's ruling on the Report. (Mot., ECF No. 82.)

Silva's objections—in other words, his newest attempt to re-litigate the underlying summary judgment motion—fail to give rise to de novo review. *Kohser v. Protective Life Corp.*, No. 15-11704, 2016 WL 2587169, at *2 (11th Cir. May 5, 2016). Nonetheless, the Court conducted a de novo review. *See* 28 U.S.C. § 636(b)(1)(C). Having considered Judge Otazo-Reyes's report, the record, the objections, and the relevant legal authorities, this Court **denies** Silva's motion to stay its ruling (**ECF No. 82**) and **adopts and modifies** Judge Otazo-Reyes's report and recommendation for the reasons explained below.

**1. Motion to Stay**

Silva seeks a stay of this Court's ruling on Judge Otazo-Reyes's report. (Mot. to Stay, ECF No. 82.) Silva claims that this Court should refrain from adopting Judge Otazo-Reyes's report determining the amount of the sanctions award *already granted* by this Court because the Eleventh Circuit has under review on rehearing en banc *Slater v. U.S. Steel Corp.*, 820 F.3d 1193, 1195 (11th Cir. 2016). In *Slater*, the Eleventh Circuit will consider the substantive issue of whether the doctrine of judicial estoppel as applied in *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), should be overruled. The Court can only construe the motion to stay as a flagrant misunderstanding of the

procedural posture of this case and of the actual substantive issue before the Court.[1]

The motion to stay is merely the latest of Silva's efforts to attack the Court's order granting summary judgment in favor of the Defendants. A brief review of the history of this case highlights the impropriety of requesting a stay at this juncture. On January 13, 2016, this Court granted the Defendants motion for summary judgment, finding that Silva had deliberately concealed his FLSA claim from the bankruptcy court and had attempted to remedy this nondisclosure only once the Defendants challenged the omission. The Court thus determined that judicial estoppel precluded Silva from pursuing his FLSA claim. The Court relied on sound Eleventh Circuit binding precedent in deciding the motion for summary judgment.[2] *See United States v. Schooner Peggy,* 5 U.S. 103, 110 (1801) ("[T]he court must decide according to existing laws . . . ."). On the same day, the Court entered final judgment in favor of the Defendants. Silva never appealed that Judgment, and the time to do so has long since passed. *See* 28 U.S.C. §§ 1291, 2107; Fed. R. App. P. 4.

In its order granting summary judgment, the Court advised the Defendants that if they so wished, they could still seek sanctions against Silva by filing a separate motion. On January 27, 2016, the Defendants filed two motions for sanctions against Silva and Silva's counsel, J.H. Zidell, pursuant to 28 U.S.C. § 1927, the Court's inherent power, and Rule 11 of the Federal Rules of Civil Procedure. After numerous pleadings, on September 30, 2016, this Court adopted Judge Otazo-Reyes's report and recommendation, and sanctioned Silva and Zidell in the entire amount of reasonable attorney's fees and costs incurred by Defendants since the inception of the case. The only issue remaining for this Court's determination was the exact dollar amount of those fees and costs.

Again, after further extensive pleadings, on April 26, 2017, Judge Otazo-Reyes issued the present report and recommendation, in which she determined the reasonable amount of fees and costs that would be assessed against Silva and Zidell. This amount—and *only this amount*—constitutes the substantive

---

[1] What is more, the motion to stay and Silva's objections to the report and recommendation make patently clear that Silva's counsel, J.H. Zidell, remains undeterred in his quest to "multipl[y] the proceedings in [this] case unreasonably and vexatiously." *See* 28 U.S.C. § 1927.

[2] The Court notes that at no point in the proceedings leading up to the summary judgment order did Silva ever advance "a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." *See* Fed. R. Civ. P. 11(b)(2). Instead, Silva argued only that he "moved to amend the schedule[] and only a small amount of time ha[d] passed under the Chapter 13 plan . . . ." (Resp. 6, ECF No. 28.)

issue before the Court at this time. Therefore, Silva's attempt to stay any ruling *on the amount of sanctions* based on a pending appeal in an unrelated proceeding concerning the substantive issue of law underlying a final judgment *that has been final for over one year* strongly suggests an unreasonable and vexatious multiplication of the current proceedings.

The appellate proceedings in *Slater* have absolutely zero impact on the substantive disposition of this case and, if it were possible, even less of an impact on the determination of amount of attorney's fees and costs that will comprise the sanctions award. Zidell continues, inexplicably, to miss the point of the sanctions proceedings. This Court sanctioned Zidell on three different bases: (1) under this Court's inherent powers for bad faith and vexatious or oppressive conduct; (2) under 28 U.S.C. § 1927 for vexatious and unreasonable multiplication of proceedings; and (3) under Rule 11 of the Federal Rules of Civil Procedure for misrepresentations to the Court and failure to conduct even a *de minimus* inquiry into the facts or law informing this case.[3] Nothing in *Slater* changes Silva's and Zidell's underlying conduct.

Accordingly, the Court **denies** Silva's motion to stay its ruling on the Magistrate Judge's report and recommendation (**ECF No. 82**).

**2. Amount of Reasonable Attorney's Fees and Costs**

Silva's objections to Judge Otazo-Reyes's report copy verbatim his arguments raised in previous filings. (*Compare* ECF No. 81 at 1 *with* ECF No. 62 at 4, 14; *compare* ECF No. 81 at 2 *with* ECF No. 62 at 5; *compare* ECF No. 81 at 4 *with* ECF No. 72 at 2–3; *compare* ECF No. 81 at 6 *with* ECF No. 62 at 8; *compare* ECF No. 81 at 7 *with* ECF No. 62 at 16.) Without providing any legal support, Silva's only new argument asserts that the Court should apportion the sanctions award "50/50" between Silva and Zidell, instead of jointly and severally. (Mot. at 7.) Silva claims he "has no funds" to pay the sanctions award, and Zidell believes he should "not [be] saddled paying 100% of the" sanctions award. (*Id.*) Essentially, then, Zidell unabashedly requests a 50 percent reduction of an already reduced sanctions award.

Regardless, the Court will not consider Silva's argument regarding apportionment of the sanctions award between Silva and Zidell. Other than the above unsupported factual assertions, Silva proffers no reasoning whatsoever to support his argument. Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the

---

[3] See Judge Otazo-Reyes's report and recommendation on the motions for sanctions (ECF No. 61) and the Court's order adopting the report (ECF No. 65) for a more detailed description of Silva's and Zidell's underlying conduct.

point. The court will not do his research for him." *Phillips v. Hillcrest Medical Center,* 244 F.3d 790, 800 n.10 (10th Cir. 2001) (internal quotation omitted); *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (internal quotation omitted).

The Court did review, however, Judge Otazo-Reyes's lodestar calculations. Judge Otazo-Reyes determined that $224 per hour constituted a reasonable hourly rate because the rate reflected the average of the Defendants' counsel's several billing rates and because Silva did not object to this rate. (Report #2 at 3.) Judge Otazo-Reyes then found, based on her own expertise, that the 307.8 hours of time claimed by the Defendants was excessive and reduced that total by one-third. (*Id.*) Judge Otazo-Reyes also included costs in the sanctions award. (*Id.* at 4.) Finally, Judge Otazo-Reyes denied the Defendants' request to recover fees for the time spent litigating the fee amount because the "Defendants' original fee request already included the hours spent litigating the Sanctions Motions." (*Id.*)

"Courts have broad discretion to determine what fees are reasonable under the circumstances. *Squire v. Geico Gen. Ins. Co.,* No. 12-23315-CIV, 2013 WL 474705, at *3 (S.D. Fla. Feb. 7, 2013) (Altonaga, J.). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994). The party receiving attorneys' fees must provide the court "with specific and detailed evidence." *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). And the opposing party "must supply specific and reasonably precise proof concerning hours that should be excluded." *Squire,* 2013 WL 474705, at *5 (quoting *Am. Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999)) (internal quotation marks and ellipses omitted). If the court determines the total hours expended is unreasonable, it may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008).

The Court agrees that $224 per hour constitutes a reasonable hourly rate. With respect to reasonable hours expended, the Court notes the Defendants provided an affidavit of an expert finding the hours reasonable, while Silva offered only unfounded and unspecified objections of "excessive billing," "block billing," and "vague description" for over 60 percent of the Defendants' time entries. (Statement of Fees Ex. B, ECF No. 66-2; Resp. at 5–15, ECF No. 72.) Silva's unsubstantiated objections to the hours expended fell

far short of the required specificity and precision. *See Squire,* 2013 WL 474705, at *5. Faced with 252 time entries and 144 non-specific objections, however, this Court finds that an across-the-board reduction by one-third is a reasonable approach.[4] *See Bujanowski v. Kocontes,* No. 808-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009), *report and recommendation adopted in part,* No. 808CV390T33EAJ, 2009 WL 1564244 (M.D. Fla. May 1, 2009), *aff'd,* 359 F. App'x 112 (11th Cir. 2009) ("An across-the-board reduction is appropriate where billing records are so voluminous that an hour-by-hour analysis would require the court to engage in the pick and shovel work necessary to make a more precise determination.") (internal quotations omitted).

However, the Court finds that the Defendants should recover fees and costs incurred in litigating the fee entitlement and amount. *Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1301 (11th Cir. 2010) ("Like other courts, we have allowed parties to recover the cost of establishing their right to, and the amount of attorney's fees—the right to fees-on-fees. . . . [N]ot allowing fees-on-fees would undermine the congressional policies behind awarding attorney's fees."); *see also* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."). As to fee entitlement, the Court granted the Defendants' motions for sanctions pursuant to 28 U.S.C. § 1927, the Court's inherent power, and Rule 11 of the Federal Rules of Civil Procedure, and awarded sanctions "**in the entire amount** of reasonable attorney's fees and costs incurred by Defendants **since the inception of the case** . . . ." (Order at 2, ECF No. 65) (emphasis added).

As to the fee amount, the Defendants were required "to submit their statement of reasonable fees and costs within thirty days of entry of the Court's Order." (Report #1 at 17, ECF No. 61.) When the Defendants complied with the Court's order, Silva initiated a string of unnecessary pleadings: a motion to strike (ECF No, 67) and its corresponding reply (ECF No. 69); a lengthy, unsupported response in opposition to the Defendants' statement of fees (ECF No. 72); a motion to strike the Defendants' response to that opposition (ECF No. 74) and corresponding reply (ECF No. 77); and a motion to stay this Court's ruling on the Magistrate Judge's report and recommendation (ECF No. 82). The majority of these pleadings merely regurgitate Silva's opposition to the Court's

---

[4] Upon cursory review, the Court does not believe that the Defendants' billing records reflect excessive or block billing. However, in *Bujanowski,* the Middle District imposed an across-the-board reduction of 30 percent where it did find that the party's time entries contained block billing, unacceptably vague descriptions, and redundant billing. 2009 WL 1564263, at *4.

order granting summary judgment in favor of the Defendants, entered far more than a year ago. Awarding as sanctions amounts incurred as a result of further vexatious pleadings honors the reasoning and the spirit of the order granting the Defendants' motions for sanctions.

The Defendants submitted a supplemental statement of fees and costs delineating $7,241.21 in fees and $191.43 in costs. (ECF No. 73-1.) Silva responded in opposition, again offering unfounded and unspecified objections of "excessive billing," and "block billing," for over half of the Defendants' time entries. (ECF No. 79.) The statement includes a total of 32 hours billed from October 19, 2016, until December 27, 2016. The Court notes that although these hours do not include any work conducted in this case from January 1, 2017, until the present day, the Court will not entertain yet another supplemental statement of fees. The Court will apply the same one-third reduction for a total of 21.3 additional hours of attorney's fees at the $224 per hour blended rate. Thus, the Court adds $4,771.20 to the fee determination in Judge Otazo-Reyes's report. In addition, the Court awards the additional $191.43 in costs incurred.

Accordingly, the Court **adopts and modifies** Judge Otazo-Reyes's Report and Recommendation (ECF No. 80). The Court **awards** to the Defendants the sum of $50,756.00 as fees and $445.43 in costs, for a total award of $51,201.77, to be paid by Silva and Silva's counsel jointly and severally.

**Done and ordered** at Miami, Florida on May 18, 2017.

_____
Robert N. Scola, Jr.
United States District Judge